**<u>Exhibit List</u>**

Exhibit A – Richard O Contract

Exhibit B – Finding of Not Responsible - Title IX

Exhibit C – Screenshots Regarding Allison Brown's hiring by Professor Davis in September 2022; Screenshots grabbed from Workday on 11/3/2024 at 5:30pm

Exhibit D – Suspension Letter from Defendant to Plaintiff

Exhibit E – Defendant Conclusion of Investigation with Erroneous Assertions Therein

Exhibit F – Release of All Claims and Non Disparagement Agreement with Defendant

Exhibit G – SCB Determination

Exhibit H – Contract between Defendant Washington University and Georgetown University

44

Exhibit A – 1 Richard O Contract 1



**The Allie - Richard Promise**

No matter what Allie and Richard must hug one another upon seeing each other for the first time at any event, function, class, celebration, and or party. This obligation will not end, and is not impacted by relationship or martial status. This pact will remain between and Allie and Richard, and as such the details of this pact will not be shared with anyone else.
Both parties responsible for having counting app/tally counter app.

**Stipulations:**
-min 1 per day/max 3 per day
-hug long or short as the other

requires that one party accomodate the other regardless of relationship status.
-there cannot be any replication of this agreement with any other people other than Allie and Richard.
-Richard cannot masturbate for at least one day before he sees Allie.

**Contract is nullified when:**
-one party fucks a friend of the other party
-one party enters a romantic relationship with a friend of the other party
-one party commits unspeakable/heinous act/irreparable damage against the other

**If contract is nullified:**
-party has to seek third party for counseling/resolution

44

Exhibit A – 2 Richard O Contract 2



Richard sent this agreement to Plaintiff, and signed Plaintiff's name with a hippo emoji. Plaintiff

never signed an agreement with Richard to be raped at will. Richard O characterized this as a

"private conversation" he had with Plaintiff during Defendant Law School's Title IX

proceedings.

Exhibit B – 1 Finding of Not Responsible of Sexual Harassment of Richard O and Letter from

Defendant Refusing to Investigate Richard O

## Washington University in St.Louis
### GENDER EQUITY AND TITLE IX COMPLIANCE OFFICE

January 11, 2022

PERSONAL AND CONFIDENTIAL
VIA E-MAIL

Allison Brown
allison.brown@wustl.edu

Dear Ms. Brown,

I am writing to follow up on the Amended Notice of Complaint sent to you on November 12, 2021, regarding your interactions with Richard Omoniyi-Shoyoola from August 26, 2021, through October 8, 2021, and from October 13, 2021, through November 4, 2021.  After an investigation, including interviewing parties and witnesses, considering all the information provided, you have been found not responsible for the following violations of the University Student Conduct Code:

> University Student Conduct Code/4. Stalking, hazing, engaging in domestic, dating, or interpersonal violence, or any other conduct which harasses, threatens, or endangers the safety or health of, any member of the University community or visitor to the University.

> University Student Conduct Code/2. Interfering with the rights of other members of the University community or visitors to the University to engage in educational, recreational, residential, administrative, professional, business, and ceremonial activities, or other functions

> University Student Conduct Code/20. Knowingly or recklessly violating a published University policy, rule, or regulation; or participating in conduct which one should reasonably know to be a violation of a published University policy, rule, or regulation.

Investigator Fischer interviewed you, the Complainant and two witnesses. I based my decision on these interviews as well as the extensive documentation provided by the parties and witnesses.  Specifically, I find that between August 26, 2021, and October 8, 2021, it is not more likely than not that you harassed Complainant or interfered with his rights as a member of the university community.

Complainant described two specific incidents of in-person contact in his initial complaint. The first incident on August 27, 2021, was observed by an independent witness. They recalled you expressing displeasure to Complainant and to others. The witness did not, however, remember you calling the Complainant any derogatory names or making comments that were sexual in nature. During the second incident, on the evening of August 28th into the early morning of August 29th, 2021, Complainant stated that you sexually propositioned him and then became

46

Exhibit B – 2 Finding of Not Responsible of Sexual Harassment of Richard O and Letter from

Defendant Refusing to Investigate Richard O



**GENDER EQUITY AND TITLE IX COMPLIANCE OFFICE**

angry when he declined your advances. You denied that the conversation took place. No independent witnesses to this specific conversation were identified. Witness interviews and documentation do show that you and Complainant left the social gathering that evening together in a rideshare that you arranged. Complainant paid you the following morning for a portion of the cost. The information available does not corroborate that you said or did anything that was harassing or interfering with Complainant's rights.

The initial complaint also alleged several instances of unwanted electronic contact between August 26th and September 4th, 2021. Complainant acknowledged that he did not specifically tell you he wanted to have no contact with you during that time. He did say that he blocked you on several communication platforms. Documentation provided shows you were aware that Complainant had blocked you from some forms of communication during that time. Documentation also shows, however, that during the time you and Complainant had been acquainted, it was not uncommon for one or both of you to block the other from certain platforms, but maintain consensual communication by other means. It is not clear from the information provided, based on the history of your communication, that you knew all communication with Complainant during that time was unwanted. Further, additional documentation shows that Complainant continued to initiate in-person communication with you during the same period. None of your communications directed at Complainant during that time were harassing or interfering with Complainant's rights.

Complainant filed a second complaint alleging that you retaliated against him for filing his initial complaint and requesting a No Contact Order against you. Specifically, he reported that social media posts you made between October 13th and November 4th, 2021, were retaliatory. During that timeframe, Complainant was blocked from your social media sites and did not view these posts directly. None of the posts in question mentioned Complainant by name, "tagged" him or otherwise identified him. Based on the content of these posts and the fact that they were posted on a forum that Complainant was prohibited from viewing, they are not retaliatory. Specifically, I do not find that they adversely affected the terms of Complainant's education.

Overall, the totality of information provided to our office is insufficient to find you in violation of the University Student Conduct Code or any other university policy. The No Contact Order previously issued, however, remains appropriate and in place. You are directed to abide by the restrictions in that Order until further notice.

Ms. Brown, we truly want you to succeed in your remaining time at Washington University in St. Louis and hope we can be supportive of your efforts. Not abiding by the No Contact Order will result in further action and/or referral to the Office of Student Conduct and Community Standards. If you have any questions about this letter, or if we can be of any assistance to you, please feel free to contact our office.



**GENDER EQUITY AND TITLE IX COMPLIANCE OFFICE**

Sincerely,

/s/ Cynthia M. Copeland

Cynthia M. Copeland, J.D.
Assistant Director & Associate Title IX Coordinator

Cc:  Ms. Jessica W. Kennedy, Director, Gender Equity and Title IX Compliance Office & Title
      IX Coordinator
      Mr. Richard Omoniyi-Shoyoola, Complainant

47

Exhibit B – 3 Finding of Not Responsible of Sexual Harassment of Richard O and Letter from

Defendant Refusing to Investigate Richard



Washington University in St.Louis

GENDER EQUITY AND TITLE IX COMPLIANCE OFFICE

July 5, 2022

PERSONAL AND CONFIDENTIAL
VIA E-MAIL

Ms. Brown
allison.brown@wustl.edu

Dear Ms. Brown,

After reviewing the information in the complaint you submitted on May 9, 2022, I have determined that the reported behaviors do not constitute Prohibited Conduct under the Title IX definition of Sexual Harassment. Therefore, the university has determined the matter should be dismissed as a Title IX complaint.

Further, after reviewing the documentation you submitted with your complaint, as well as your interview conducted by our investigator and the interview of an additional witness, I have determined that the conduct you allege does not rise to the level of a potential violation of the student conduct code or other university policy. Therefore, the complaint will also be dismissed as a Gender Equity complaint.

Specifically, regarding the allegations of repeated unwanted contact, documentation shows that, during the time you and Respondent had been acquainted, it was not uncommon for one or both of you to block the other from certain platforms or ask not to be contacted, but maintain consensual communication by other means. It is not clear from the information provided, based on the history of your communication, that Respondent knew his contact with you prior to the No Contact Orders was unwanted.

Regarding Respondent filing complaints with our office and the Office of Student Conduct and Community Standards (OSCCS), investigations of those complaints did not support a finding that Respondent's complaints were frivolous or false, even though you were found not responsible. Respondent is entitled to seek an Order of Protection through the courts, and did not violate the Student Conduct Code by doing so.

Regarding the potential charges of physical abuse and sexual assault, you alleged one instance of unwanted physical contact, the respondent placing his hands on your waist/hips following a party at his apartment. Based on the information and documentation we have, this contact did not rise to the level of either physical abuse or sexual assault. You also cite a text sent by the Respondent containing a proposed promise of physical affection and sexual activity. The information and documentation provided to us do not demonstrate any threats or other attempts

48

49

Exhibit B – 4 Finding of Not Responsible of Sexual Harassment of Richard O and Letter from

Defendant Refusing to Investigate Richard O

## Washington University in St.Louis
### GENDER EQUITY AND TITLE IX COMPLIANCE OFFICE

to have you agree to or abide by this promise. This does not rise to the level of a threat of physical abuse.

The allegation about the University of Chicago, if true, does not constitute a violation of the Code.

The No Contact Orders put in place on October 13, 2021, remain in effect. If you are in need of additional supportive measures, please let me know.

You have a right to appeal this dismissal. Your right to appeal is detailed in our Student Title IX Grievance Process under section 37. The Process can be found here: https://titleix.wustl.edu/students/student-title-ix-grievance-process/

If you have any questions about this letter, or if we can be of assistance to you, please feel free to contact the Gender Equity and Title IX Compliance Office.

Sincerely,
/s/ Cynthia M. Copeland
Cynthia M. Copeland, J.D.
Asst. Director & Assoc. Title IX Coordinator

Cc: Ms. Jessica W. Kennedy, Director & Title IX Coordinator

49

Exhibit C – Screenshots Regarding Plaintiff's hiring by Professor Davis in September 2022

Screenshots grabbed from Workday on 11/3/2024 at 5:30pm



Exhibit D – Suspension Letter from Defendant to Plaintiff

 **Washington University in St.Louis**

STUDENT AFFAIRS

**Associate Vice Chancellor for Student Affairs and Dean of Students**

November 4, 2022

Allison Brown
allison.brown@wustl.edu

Dear Allison,

I was recently contacted by the School of Law, which alleges that you have engaged in a pattern of disruptive and harassing behavior targeted at law school community members, including faculty and students. Specifically, you are reported to have been disruptive in multiple classes and to have generally engaged in unprofessional and harassing behavior that interferes with or prevents faculty members and students from fully participating in the learning environment. These allegations are concerning and, if true, they would violate our University Student Conduct Code.

Your continued presence on campus poses a substantial threat to the ability of faculty and other students to continue their normal University functions and activities. Therefore, by authority granted by the University Student Conduct Code Section X.A., I must notify you that you are temporarily suspended from Washington University.

**Effective immediately, you are no longer permitted on campus. You will be permitted to complete your classes remotely, as noted below.**

The terms of this temporary suspension, which takes effect immediately, are as follows:

1. You are prohibited from being present on any Washington University campus or any University leased or owned property, including but not limited to the Danforth Campus, the School of Law, any Residential Life-managed on and off-campus residence halls and apartments, and the Danforth University Center and the Athletic Complex. If you are found in violation of these expectations, you will be physically removed from campus and subject to arrest by Washington University Police. If you wish to be present on campus for any reason, including to visit Habif Health and Wellness Center +you must seek prior approval from me.
2. You are prohibited from participating in any University activities, with the exception of courses that will be recorded for you. This means, for example, that you are not permitted to participate in student organizations that you may belong to.
3. Your ongoing participation in courses will be through asynchronous viewing of class recordings. Any questions you have for the instructor must be in writing and delivered through Dean Elizabeth Walsh. Dean Walsh will work with the instructor to provide responses to your questions.
4. If you wish to meet with me under Section X D. to discuss this temporary suspension, you should do so within five business days from receiving this notice. Please call my office at 314-935-4526 to make an appointment and secure permission to be present on campus.

Washington University in St. Louis, Campus Box 1250, One Brookings Drive, St. Louis, MO 63130-4899
(314) 935-4329, *Fax:* (314) 935-7776, studentaffairs.wustl.edu

52

Exhibit E – 1 Defendant Conclusion of Investigation with Erroneous Assertions Therein



**Washington University in St. Louis**
OFFICE OF INSTITUTIONAL EQUITY

Date:    May 7, 2024

To:      Allison Brown

From:   Gillian Boscan, Director of Investigations

Re:      Investigation Conclusion

We received the complaint you filed on March 18, 2024 alleging discrimination and retaliation against you. The investigation into this complaint has now concluded. Investigation findings are based on interviews and a review of all available, relevant evidence. You declined OIE's invitation to meet and provided little follow-up or new evidence to support the allegations. Some investigation findings may pertain to personnel matters that are kept confidential and therefore cannot be shared.

The allegations and subsequent investigation results do not support a finding of violation of the university's Discrimination and Harassment policy. The decision to temporarily suspend you in order to review allegations through the Office of Student Conduct was not based on your race but on feedback from multiple sources about concerning behaviors. The process was not as rapid as originally planned because you requested to delay the hearing from December to February. The temporary suspension did not preclude you from completing coursework and you received a favorable outcome from the hearing.

The decision to charge you tuition followed standard university procedures and was not based on race or a retaliatory purpose. The Washington University School of Law 2023-2024 Financial Aid Handbook, pages 11-12, outlines the School's tuition practice for law students visiting at another law school. This information applies to all students visiting other law schools, regardless of membership in a protected class or participation in Office of Student Conduct procedures.

The university prohibits retaliation against those who file complaints and those who participate in resulting investigations.

Washington University in St. Louis, 621 N. Skinker Blvd., St. Louis, Missouri 63110
An Equal Opportunity/Affirmative Action Employer

52

Exhibit E – 2 Defendant Conclusion of Investigation with Erroneous Assertions Therein

 Student Conduct and
Community Standards
STUDENT AFFAIRS AT WASHINGTON UNIVERSITY

January 20, 2023

Allison Brown                          **PERSONAL AND CONFIDENTIAL**
Allison.brown@wustl.edu                     Via Electronic Mail

Re: Student Conduct Matter and Options for Resolution

Dear Allison:

As you are aware, this office received a complaint from the School of Law alleging that you have engaged in a pattern of disruptive and harassing behavior inside and outside of the classroom in violation of the University Student Code of Conduct. The School of Law alleges that some of this conduct began prior to your matriculation and continued during the Spring and Fall 2022 semesters, even after faculty and administrators communicated with you regarding concerns about your behavior. Specifically, the School of Law alleges that it received reports from multiple students and faculty that:

1. Students do not feel comfortable participating in classes they share with you because you have posted derogatory and inflammatory remarks about your classmates and their class-related comments on social media;
2. You have engaged in a pattern of attacking students on social media who do not share your views or with whom you disagree;
3. You have engaged in similarly disruptive behavior in class and on course instruction platforms; and
4. One student reported that they did not feel comfortable meeting in person with Dean Walsh because they had heard you knew who came to Dean Walsh's office.

The School of Law alleges that as a result of your behavior, students have been unable to fully participate in the law school classroom and in extracurricular activities, and law school community members have been impeded in their ability to engage in educational, administrative, professional and other functions.

These allegations, if true, would be a violation of one or more of the following offense(s):

University Student Conduct Code/2. Interfering with the rights of other members of the University community or visitors to the University to engage in educational, recreational, residential, administrative, professional, business, and ceremonial activities or other functions.

University Student Conduct Code/4. Stalking, hazing, engaging in domestic, dating, or interpersonal violence, or any other conduct which harasses, threatens, or endangers the safety or health of, any member of the University community or visitor to the University.

1

53

Exhibit F – 1 Release of All Claims and Non Disparagement Agreement with Defendant



The School of Law has agreed to withdraw its complaint and settle this matter, in lieu of proceeding forward with a University Student Conduct Board hearing, subject to the terms and conditions below:

1. Allison Brown will complete the Spring 2023 semester through an off-campus externship or other non-campus program that qualifies for the School of Law credits and by enrolling in Legal Practice II remotely.[1] To enable Allison to do so, the School of Law will allow Allison to work for the appropriate number of credits at the National Center for Youth Law and/or the United Nations Permanent Forum for People of African Descent per the terms of the previously-submitted offer letters. The School of Law will also allow Allison to receive a stipend from her employers in addition to the academic credit granted through the School of Law. The School of Law will identify the Legal Practice II instructor and enroll Allison in that course.

2. Allison Brown will apply for admission as a visiting student to other law schools to complete her third year of law school. If Allison enrolls at another law school as a visiting student, the School of Law will grant her leave as needed.

3. The School of Law will review all courses in which Allison Brown enrolls at another accredited law school. So long as Allison earns the equivalent of a "C" or higher, the course meets a School of Law degree requirement, and the course is not duplicative of any course Allison has already taken, the School of Law will not unreasonably withhold acceptance of the associated transfer credits. Barring unusual or atypical circumstances, accurate and equivalent categorization of a course at a different law school will generally indicate that the course will fulfill School of Law degree requirements. The School of Law will review any courses in which Allison indicates an intention to register at or before the time of registration to confirm that each such course would fulfill School of Law degree requirements and would be eligible for transfer credit if successfully completed.

4. Assuming Allison Brown successfully completes the School of Law's requirements for a J.D. by the end of the 2023-2024 academic year, including an ethics course and a seminar, Allison will receive a J.D. from the School of Law.

5. Allison Brown will be allowed to enroll in classes at the School of Law for one semester during the 2023-2024 academic year to complete her law degree remotely[2] if and only if (i) Allison is not accepted into a visiting student or study abroad program at another law school and (ii) she demonstrates to the School of Law's satisfaction that she has made

---

[1] Remote enrollment will be asynchronous and/or synchronous as determined by the course instructor.
[2] See footnote 1.

2

54

Exhibit F – 2 – Release of All Claims and Non Disparagement Agreement with Defendant



systematic, sustained and diligent efforts to obtain admittance elsewhere.[3] In the event that Allison is allowed to enroll in classes at the School of Law for one semester during the 2023-2024 academic year, Associate Dean Elizabeth Walsh will work with her to insure that she enrolls in courses that are appropriate for remote, asynchronous learning.

. Allison Brown will not attend any Washington University sponsored events and will notbe permitted on the Washington University campus (or any university owned, leased,managed or rented property) without advance permission.  Permission must be soughtthrough Associate Dean Elizabeth Walsh or Dean of Students Rob Wild.

. In the event Allison Brown returns to the School of Law in the 2023-2024 academic year (orwith regards to Legal Practice II), she will not take any course taught by ProfessorsAdrienne Davis, Elizabeth Katz, Ann Shields or Peggie Smith.

. Allison Brown will not contact any student who was named as a witness or identified inany School of Law exhibits, including emails, in the 2022 Student Conduct Proceeding.

. As Allison Brown continues her work toward her School of Law degree, she will continueto pay tuition and fees to the School of Law.  Allison will also maintain her meritscholarship, which shall be credited toward her School of Law tuition and fees.  In theevent Allison attends an institution as a visiting student with tuition and fees greaterthan the School of Law's, she will be solely responsible for any difference.

. <u>Release</u>
Allison Brown, for herself and her family members, heirs, personal representatives, and assigns, hereby releases and forever discharges Washington University in St. Louis, including the School of Law, its trustees, employees, former employees, faculty, administrators, students, representatives, insurers, attorneys, agents, and assigns ("Released Parties") from and against any and all causes of action, judgments, liens, indebtedness, costs, damages, obligations, attorneys' fees, losses, claims, liabilities and demands of whatever kind and character, whether known or unknown, suspected or unsuspected, and whether based on contract, tort, statutory or other legal or equitable theory of recovery, that she now has or may have had, or hereafter may claim to have, on behalf of herself or any other person or entity, including but not limited to claims arising out of or relating in any way to the Student Conduct Proceeding, the temporary suspension and/or Allison Brown's attendance at the School of Law. Allison Brown further promises to not initiate any proceeding (including, without limitation, under any School

[3] American Bar Association Standard 311(e) allows law schools to grant up to 1/3 of the credits required for a J.D. through distance education. Thus, Allison may complete two of her remaining three semesters asynchronously. At least one semester must be completed through a School of Law study abroad program or as a visiting student at another law school.

3

Exhibit F – 3 – Release of All Claims and Non Disparagement Agreement with Defendant



of Law policy or procedure, other administrative action, or other legal action) arising out of or relating to the Student Conduct Proceeding, the temporary suspension and/or Allison Brown's attendance at the School of Law, against the Released Parties.

11. Non-Disparagement

Allison Brown agrees that she will not hereafter publish to any other person or entity, either orally or in writing, including, but not limited to the news media, any social media platform, through the internet, U.S. Postal Service or any other commercial mailing, and/or any other type of hard copy or online publication, even on an anonymous basis, any disparaging or negative statements about the Released Parties. It is understood that the School of Law administration will answer truthfully any inquiries they receive regarding Allison Brown from other academic institutions, bar examiners or government officers. However, the School of Law administration will not affirmatively reach out to any such parties and will limit any response it provides to the specific inquiry received. If Allison Brown violates any of the provisions of this paragraph, such shall be a material breach of this agreement and cause for the Released Parties to seek legal and/or equitable remedies against her.

12. Upon receipt of the final signed agreement, School of Law will withdraw the pending student conduct complaint and remove any notation related to that complaint from Allison Brown's transcript.

If you do not wish to agree to the terms and conditions above, you may choose to continue to proceed with the Student Conduct Board hearing process under the University Student Conduct Code.

Please let me know how you wish to proceed. If you choose to accept the terms and conditions above, I ask that you sign, date, and return this document to me. Please keep a copy and maintain it for your records. If you choose to proceed with a Student Conduct Board hearing, we will work with your attorney to set up an appropriate time.

Sincerely,

Nicole R Gore

Nicole Gore
Associate Dean

cc: Elizabeth Walsh, Associate Dean
    Rob Wild, Associate Vice Chancellor and Dean of Students

4

56

57

Exhibit F – 4 – Release of All Claims and Non Disparagement Agreement with Defendant



## Acknowledgement

I acknowledge that I have read and accept the terms and conditions set forth above. I acknowledge that this agreement is a means to formally and mutually resolve the pending University student conduct matter.

_____          _____

Allison Brown                                                    Date

Student ID # 503456

Exhibit G – SCB Determination



STUDENT AFFAIRS AT WASHINGTON UNIVERSITY

**CONFIDENTIAL**

### UNIVERSITY STUDENT CONDUCT BOARD

### WASHINGTON UNIVERSITY IN ST. LOUIS

**April 27, 2023**

**In the matter of Allison Brown**
**Case No. 00748-2002**

### DECISION OF THE UNIVERSITY STUDENT CONDUCT BOARD

In this matter, a complaint was submitted to the Office of Student Conduct and Community Standards ("OSCCS") by the School of Law ("Complainant") against law student, Allison Brown ("Respondent"), alleging violations of Offense Nos. 2 and 4 of the University Student Conduct Code ("Code"). The Panel deliberated following the conclusion of Phase One and carefully weighed the evidence. Although the Panel has concerns about the Respondent's behavior and the abrasive choices she makes when interacting with others and online, ultimately the Panel determined there was not sufficient evidence to establish that it was more likely than not that the Respondent engaged in a violation of Offense Nos. 2 or 4 of the Code.

The Complainant alleged that as a result of the Respondent's behavior, students were unable to fully participate in the law school classroom and in extracurricular activities, and law school community members were impeded in their ability to engage in educational, administrative, professional and other functions. The Complainant alleged that the Respondent's actions and resulting impact constitute a violation of Offense numbers 2 and 4 under the University Student Conduct Code.

The Respondent denied the allegations.

**Procedural Background**

A hearing before the Student Conduct Board ("SCB" or "Panel") was originally scheduled for December 15, 2022 to determine whether a violation of the Code occurred. At the Respondent's request, it was rescheduled.

Phase One of the hearing took place over four different days, (February 24, March 20, April 5, April 11). During Phase One, the Panel heard evidence and considered whether it was more likely than not that the Respondent engaged in one or more violations of the Code. Under the Code, the Respondent is presumed innocent of the alleged violations.

**Relevant Provisions of the University Student Conduct Code Offenses**

University Student Conduct Code/2. Interfering with the rights – Interfering with the rights of other members of the University community or visitors to the University to engage in educational, recreational, residential, administrative, professional, business, and ceremonial activities or other functions.

University Student Conduct Code/4. Harassment, Stalking, Hazing, etc. – Threatening physical abuse, stalking, hazing, engaging in domestic, dating, or interpersonal violence, or any other conduct which harasses, threatens, or endangers the safety or health of any member of the University community or visitor to the University.

Exhibit H – 1 – Contract between Washington University and Georgetown University;

Scholarship Letters and Issues from Defendant Carrie Burns to Plaintiff

**Consortium Agreement between Washington University and**

Georgetown Law _____, the Host School

In the matter of financial aid for: Allison Brown _____ SSN_____

This student is a degree candidate in the School of Law at Washington University and has permission to attend the Host School named above for the Fall 2023 Spring 2024 _____ semester(s) as a visiting student. Washington University will register this individual under visiting student status, will assign credit for the courses taken at the Host School on the same basis as it would for course work taken at Washington University and will provide enrollment verification based upon said course work as approved by the School of Law.

With regard to financial aid, the institutional representatives signing below hereby agree to the following:

Washington University will determine financial aid eligibility and disburse all sources of financial aid for this student during this period of enrollment, according to institutional policy.

The Host School will award no financial assistance to this student but will provide Washington University with the following information.

Beginning and ending dates of each semester the student is to be enrolled at the Host School:

Fall 23 _____ semester, classes begin on 8/28/23 _____ and end on 12/15/23 _____
Spring 24 _____ semester, classes begin on 1/8/24 _____ and end on 5/14/24 _____

Cost of attendance for the total period of enrollment, as indicated above.

| | |
|---|---|
| Tuition and fees | $ 75,950 |
| Room and board | $ 24,220 |
| Books and supplies | $ 1,400 |
| Other Personal & Travel | $ 6,630 (Total $108,200 + actual loan fees. 50% each semester) |

Requested payment dates for direct charges:

Fall 23 _____ semester, payment requested by 8/28/23 _____
Spring 24 _____ semester, payment requested by 1/8/24 _____

Address where tuition payment should be sent:
Georgetown Law Financial Aid // 600 New Jersey Ave NW Room 335 // Washington, DC 20001

Confirmation of enrollment upon request and immediate notification of any change in enrollment status. Washington University will reimburse the Host School for the educational services it provides to the student (i.e., tuition and fees); Washington University will disburse to the student financial aid available for living expenses.

On behalf of Washington University: Name CARRIE BURNS Date 8/15/23 Title: DIRECTOR OF FIN AID

On behalf of the Host School: Name Russell Augustine _____ Date 8/11/23 Title: Financial Aid Counselor

59

Exhibit H – 2 – Contract between Washington University and Georgetown University;

Scholarship Letters and Issues from Defendant Carrie Burns to Plaintiff

8/15/23, 11:56 PM                                    University of Michigan Mail - WashULaw 2023-24 Financial Aid

**UNIVERSITY OF MICHIGAN**                                    Allison Brown <albsure@umich.edu>

**WashULaw 2023-24 Financial Aid**
4 messages

**finance@wulaw.wustl.edu** <finance@wulaw.wustl.edu>                    Thu, Jul 27, 2023 at 3:22 PM
To: albsure@umich.edu

**Washington University in St.Louis**

SCHOOL OF LAW

Financial Aid

To:     Allison S. Brown

        2000 Flourmill Court

        Crownsville, MD 21032

From:   Carrie Burns, Director of Financial Aid and Student Life, School of Law

        cjburns@wustl.edu | (314) 935-4605

Date:   July 27, 2023

The Financial Aid Committee reviewed your application for assistance and makes the following aid offer for the entire 2023-2024 academic year.  Your offer is based on full-time student status.

| Source | Fall | Spring | Total |
|---|---|---|---|
| Washington University Law Scholarship | $18,500 | $18,500 | $37,000 |
| Federal Direct Unsubsidized Loan | $10,250 | $10,250 | $20,500 |
|  | ------- | ------- | ------- |
| Total | $28,750 | $28,750 | $57,500 |

60

Exhibit H – 3 – Contract between Washington University and Georgetown University;

Scholarship Letters and Issues from Defendant Carrie Burns to Plaintiff

8/15/23, 11:56 PM                    University of Michigan Mail - WashULaw 2023-24 Financial Aid

Tuition and ~~~~~~~~~~~~~~~ ~~,744.

mailto:albsure@umich.edu

**To accept your Financial Aid offer, please complete the following steps:**

| |
|---|
| 1) Visit netpartner.wustl.edu. Use your WUSTL Key ID and Password to log in. Select 'Accept Offer' in the top left side menu. |
| 2) Provide all required documents listed in 'Documents & Messages'. |

If your aid offer includes the Federal Direct Graduate PLUS loan you will need to visit Federal Student Aid and complete the Graduate PLUS application.

If you have questions about your aid offer, please contact me to schedule a time to discuss the details, including whether a reduction or increase of your loan amount is most appropriate, as well as repayment strategies and next steps. Each student faces unique obligations and factors that impact the appropriate loan amount. I look forward to assisting you throughout this process.

---

**Allison Brown** <albsure@umich.edu>                    Thu, Jul 27, 2023 at 3:23 PM
To: brownandrussell <Brownandrussell@verizon.net>

[Quoted text hidden]

--
Allison S. Brown
Civil Rights and Immigration Policy, Ford School of Public Policy
University of Michigan, Ann Arbor
J.D. Candidate, Class of 2024
Washington University in St. Louis School of Law
allison.brown@wustl.edu  | albsure@umich.edu
https://www.linkedin.com/in/allisonsbrown/

---

**Allison Brown** <albsure@umich.edu>                    Thu, Jul 27, 2023 at 4:59 PM
To: brownandrussell <Brownandrussell@verizon.net>

Get Outlook for iOS

**From:** finance@wulaw.wustl.edu <finance@wulaw.wustl.edu>
**Sent:** Thursday, July 27, 2023 9:22:47 AM
**To:** albsure@umich.edu <albsure@umich.edu>
**Subject:** WashULaw 2023-24 Financial Aid

62

Exhibit H – 4 – Contract between Washington University and Georgetown University;

Scholarship Letters and Issues from Defendant Carrie Burns to Plaintiff

**From:** Brown, Allison <allison.brown@wustl.edu>
**Date:** Tuesday, January 16, 2024 at 12:36 PM
**To:** Burns, Carrie <cjburns@wustl.edu>, LAW Financial Aid Office <finance@wulaw.wustl.edu>, CFU Student Financial Services <Financial@wustl.edu>, LAW Accounting <Law-accounting@wulaw.wustl.edu>
**Cc:** customerservice@studentaid.gov <customerservice@studentaid.gov>
**Subject:** Spring 2024 Tuition Inquiry - Allison Brown

Dear Financial Aid Office,

I received a Spring 2024 tuition bill and it does not reflect my scholarship and my Spring 2024 loan from FAFSA.

Please send me an updated bill with both of these reflected.

Sincerely,
Allison

Allison S. Brown | she/her/hers
Ford School of Public Policy, University of Michigan
Visiting Student, Georgetown University Law Center
J.D. Candidate, Washington University in St. Louis School of Law
allison.brown@wustl.edu | https://www.linkedin.com/in/allisonsbrown/

Exhibit H – 5 – Contract between Washington University and Georgetown University;

Scholarship Letters and Issues from Defendant Carrie Burns to Plaintiff



**Washington University in St.Louis** WebSTAC      Allison Brown   Logout

Academics Billing & Bear Bucks Housing Courses & Registration Student Information

Allison Brown (ID: 503456)

Current Balance: $ 46582.22

This information is correct as of 1/14/2024 12:39:06 PM

### Activity for Spring 2024

| | Sem | FY | Div | TCode | Description | Amount | Post Date | Tran Date | Bill Date |
|---|---|---|---|---|---|---|---|---|---|
| ± | | | | | Student Bar Association Fee | 60.00 | | | |
| ± | | | | | Student Health and Wellness Fee | 308.00 | | | |
| ± | | | | | Tuition | 33504.00 | | | |
| | | | | | Spring 2024 Semester Total | 33872.00 | | | |

### Activity for Fall 2023

| | Sem | FY | Div | TCode | Description | Amount | Post Date | Tran Date | Bill Date |
|---|---|---|---|---|---|---|---|---|---|
| ± | | | | | Anticipated Federal Direct Loan, Unsubsidized (Stafford) | 0.00 | | | |
| ± | | | | | Anticipated WU Scholarships and Grants | 0.00 | | | |
| ± | | | | | Federal Direct Loan, Unsubsidized (Stafford) | (10142.00) | | | |
| ± | | | | | Student Bar Association Fee | 0.00 | | | |
| ± | | | | | Student Health and Wellness Fee | 0.00 | | | |
| ± | | | | | Student Health Insurance | 2500.00 | | | |
| ± | | | | | Tuition | 37975.00 | | | |
| ± | | | | | WU Scholarships and Grants | 0.00 | | | |
| | FL2023 | 2024 | LW | CASH | Cash Payment | (17455.02) | 7/31/2023 | 7/31/2023 | 7/31/2023 |
| | FL2023 | 2024 | LW | LFEE | Late Fee | 249.22 | 12/27/2023 | 12/27/2023 | 12/28/2023 |
| | | | | | Fall 2023 Semester Total | 13127.20 | | | |

### Activity for Spring 2023

| | Sem | FY | Div | TCode | Description | Amount | Post Date | Tran Date | Bill Date |
|---|---|---|---|---|---|---|---|---|---|
| ± | | | | | Anticipated WU Scholarships and Grants | 0.00 | | | |
| ± | | | | | Parking Permit | (416.98) | | | |
| ± | | | | | Student Bar Association Fee | 60.00 | | | |
| ± | | | | | Student Health and Wellness Fee | 288.00 | | | |
| ± | | | | | Student Health Insurance | 1296.00 | | | |
| ± | | | | | Tuition | 32244.00 | | | |
| ± | | | | | WU Scholarships and Grants | (18500.00) | | | |
| | SP2023 | 2023 | LW | CASH | Cash Payment | (15388.00) | 1/10/2023 | 1/10/2023 | 1/31/2023 |
| | | | | | Spring 2023 Semester Total | (416.98) | | | |

Exhibit H – 6 – Contract between Washington University and Georgetown University;

Scholarship Letters and Issues from Defendant Carrie Burns to Plaintiff

**Consortium Agreement between Washington University and**

Georgetown Law _____, the Host School

In the matter of financial aid for: Allison Brown _____ SSN_____

This student is a degree candidate in the School of Law at Washington University and has permission to attend the Host School named above for the Fall 2023 Spring 2024 semester(s) as a visiting student. Washington University will register this individual under visiting student status, will assign credit for the courses taken at the Host School on the same basis as it would for course work taken at Washington University and will provide enrollment verification based upon said course work as approved by the School of Law.

With regard to financial aid, the institutional representatives signing below hereby agree to the following:

Washington University will determine financial aid eligibility and disburse all sources of financial aid for this student during this period of enrollment, according to institutional policy.

The Host School will award no financial assistance to this student but will provide Washington University with the following information.

Beginning and ending dates of each semester the student is to be enrolled at the Host School:

Fall 23 semester, classes begin on 8/28/23 and end on 12/15/23
Spring 24 semester, classes begin on 1/8/24 and end on 5/14/24

Cost of attendance for the total period of enrollment, as indicated above.

Tuition and fees       $ 75,950
Room and board         $ 24,220
Books and supplies     $ 1,400
Other Personal & Travel  $ 6,630 (Total $108,200 + actual loan fees. 50% each semester)

Requested payment dates for direct charges:

Fall 23 semester, payment requested by 8/28/23
Spring 24 semester, payment requested by 1/8/24

Address where tuition payment should be sent:
Georgetown Law Financial Aid // 600 New Jersey Ave NW Room 335 // Washington, DC 20001

Confirmation of enrollment upon request and immediate notification of any change in enrollment status. Washington University will reimburse the Host School for the educational services it provides to the student (i.e., tuition and fees); Washington University will disburse to the student financial aid available for living expenses.

On behalf of Washington University: Name CARRIE BURNS Date 8/15/23 Title: DIRECTOR OF FIN AID

On behalf of the Host School: Name Russell Augustine Date 8/11/23 Title: Financial Aid Counselor

64