**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ALLISON BROWN,                                     )
                                                   )
          Plaintiff,                       )
                                                   )
v.                                                 )          Case No. 1:26-cv-01143
                                                   )
WASHINGTON UNIVERSITY, et al.,                     )
                                                   )
          Defendants.                      )

**DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION OR FOR IMPROPER VENUE OR, IN THE ALTERNATIVE,
FAILURE TO STATE A CLAIM**

COME NOW Defendants Washington University, Elizabeth Walsh, Adrienne Davis, Carrie Burns, Russell Osgood, Robert Wild, Darrell Hudson, Deanna Wendler-Modde, Nicole Gore, Peggie Smith, Mark Kamimura-Jiménez, Elizabeth Katz, and Angela Smith ("Defendants"), by and through undersigned counsel, and, pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6), hereby move to dismiss Plaintiff Allison Brown's ("Plaintiff") Complaint for lack of personal jurisdiction or for improper venue or, in the alternative, failure to state a claim. The grounds for this motion are set forth in the concurrently filed memorandum in support.

WHEREFORE, Defendants respectfully request that this Court enter an order granting this motion to dismiss for lack of personal jurisdiction or for improper venue or, in the alternative, failure to state a claim and dismissing Plaintiff's Complaint.

Dated: June 8, 2026

Respectfully submitted,

By: */s/ Sona Rewari*

    Sona Rewari (D.C. Bar No. 1047102)
    **HUNTON ANDREWS KURTH LLP**
    2200 Pennsylvania Avenue, NW
    Washington, DC 20037
    Telephone: (202) 955-1974
    Facsimile: (703) 918-4018
    srewari@hunton.com

    Winthrop B. Reed III, *pro hac vice forthcoming*
    (Mo. Bar #42840)
    Benjamin M. Farley, *pro hac vice forthcoming*
    (Mo. Bar #69073)
    Lindsey M. Bruno, *pro hac vice forthcoming*
    (Mo. Bar #73055)
    **LEWIS RICE LLC**
    600 Washington Avenue, Suite 2500
    St. Louis, Missouri 63101
    Telephone:  (314) 444-7617
    Facsimile:  (314) 612-7617
    wreed@lewisrice.com
    bfarley@lewisrice.com
    lbruno@lewisrice.com

    ***Attorneys for Defendants***

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ALLISON BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-01143-CRC |
| | ) | |
| WASHINGTON UNIVERSITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR FOR IMPROPER
VENUE OR, IN THE ALTERNATIVE, FAILURE TO STATE A CLAIM**

**TABLE OF CONTENTS**

INTRODUCTION..................................................................................................... 1

STATEMENT OF FACTS........................................................................................ 3

ARGUMENT............................................................................................................ 4

I.     THE DISTRICT OF COLUMBIA DOES NOT HAVE PERSONAL JURISDICTION OVER ANY DEFENDANT. ........................................................ 4

     a.     Standard of Review........................................................................................ 4

     b.     Due Process. ................................................................................................... 5

          1.     General Personal Jurisdiction.................................................................. 5

          2.     Specific Personal Jurisdiction. ............................................................... 6

               (1)     *Defendants Did Not Purposefully Avail Themselves of the Privilege of Conducting Activities in the District of Columbia.* 7

               (2)     *Plaintiff's Claims Do Not Arise Out of or Relate to Defendants' Alleged Contacts with the District of Columbia.*........................ 10

               (3)     *The Exercise of Personal Jurisdiction Over Defendants Would Not Be Constitutionally Reasonable.*........................................... 12

     c.     D.C.'s Long-Arm Statute. ............................................................................ 13

II.     THE DISTRICT OF COLUMBIA IS AN IMPROPER VENUE FOR PLAINTIFF'S COMPLAINT........................................................................... 14

     a.     Standard of Review...................................................................................... 14

     b.     Plaintiff's Complaint Should be Dismissed for Improper Venue................... 15

III.     PLAINTIFF FAILS TO STATE A CLAIM AGAINST ANY DEFENDANT.......... 16

     a.     Standard of Review...................................................................................... 16

     b.     Missouri Law Governs Plaintiff's Claims.................................................... 17

     c.     Count I – "Title VII" ................................................................................... 18

     d.     Count II – "Title VI" ................................................................................... 19

     e.     Count III – "Section 1981"........................................................................... 20

**f.**      **Count IV – "Fraud and Unjust Enrichment"** ..................................................... 21

**g.**      **Count V – "Intentional Infliction of Emotional Distress"**............................... 22

**h.**      **Count VI – "Negligence"**..................................................................................... 24

**i.**       **Count VII – "Breach of Contract"** ..................................................................... 25

**j.**       **Count VIII – "Defamation"** ................................................................................. 27

**k.**      **Count IX – "18 U.S.C. 241 – Conspiracy Against Rights"**............................... 27

**l.**       **Count X – "Abuse of Process"** ............................................................................ 28

**m.**     **Count XI – "Amendment V and XIV of the US Constitution"**........................ 28

**CONCLUSION** ..................................................................................................................... 29

## TABLE OF CASES

**Cases**

*Alexander v. Sandoval*, 532 U.S. 275 (2001)................................................................. 19

*Ananiev v. Wells Fargo Bank, N.A.*, 968 F. Supp. 2d 123 (D.D.C. 2013)..................................... 15

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)....................................................................... 16

*Bass v. Nooney Co.*, 646 S.W.2d 765 (Mo. banc 1982)...................................................... 24

*Beach TV Props., Inc. v. Solomon*, 306 F. Supp. 3d 70 (D.D.C. 2018)...................................... 17

**\*** *Brown v. Washington Univ.*, 2025 WL 2197145 (D. Md. Aug. 1, 2025) .................................... 1

*Burger King Corp. v Rudzewicz*, 471 U.S. 462 (1985)........................................................ 6, 7, 12

*Carter v. Vujasinovic,*, 2020 WL 2064084 (D.D.C. Apr. 29, 2020)............................................ 15

*Caudle v. Thomason*, 942 F. Supp. 635 (D.D.C. 1996).................................................... 27

*Chandamuri v. Georgetown University*, 274 F. Supp. 2d 71 (D.D.C. 2003) ............................... 19

*Childs v. Williams*, 825 S.W.2d 4 (Mo. Ct. App. 1992) .................................................. 24

*Cockrum v. Donald J. Trump for President, Inc.*, 319 F. Supp. 3d 158 (D.D.C. 2018) ................. 5

*Corp. Accountability Lab v. Sambazon, Inc.*, 340 A.3d 1277 (D.C. Ct. App. 2025).................... 17

*Coulibaly v. Kerry*, 213 F. Supp. 3d 93 (D.D.C. 2016) .................................................. 19

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ........................................................... 4

*Dallas Airmotive, Inc. v. FlightSafety Int'l, Inc.*, 277 S.W.3d 696 (Mo. Ct. App. 2008)....... 21, 22

*Dasisa v. District of Columbia Housing Auth.*, 2006 WL 949927 (D.D.C. Apr. 12, 2006)......... 19

*Davis v. Sarles*, 134 F. Supp. 3d 223 (D.D.C. 2015)..................................................... 27

*Dean v. Noble*, 477 S.W.3d 197 (Mo. Ct. App. 2015)..................................................... 22

**\*** *Delbert v. Duncan*, 923 F. Supp. 2d 256 (D.D.C. 2013) ............................................. 18, 19, 20

*Deripaska v. Associated Press*, 282 F. Supp. 3d 133 (D.D.C. 2017) .................................... 27

*Dilley v. Valentine*, 401 S.W.3d 544 (Mo. Ct. App. 2013)................................................................ 24

*Fam v. Bank of Am. NA (USA)*, 236 F. Supp. 3d 397 (D.D.C. 2017) ........................................... 16

*Fields v. Sickle Cell Disease Ass'n of Am., Inc.*, 376 F. Supp. 3d 647 (E.D.N.C. 2018) ............... 8

*Ford Motor Co. v. Montana Eighth Judicial District Court*, 592 U.S. 351 (2021)...... 6, 10, 11, 12

*Freeman v. Busch*, 349 F.3d 582 (8th Cir. 2003) ........................................................................ 25

*Freeman v. Howard Univ. Coll. of Med.*, 2022 WL 4289640 (D.D.C. Sept. 16, 2022)................. 1

*Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375 (1982).................................. 20

*George v. Averett Univ. of Danville*, 2019 WL 3310517 (W.D. Va. July 23, 2019).................... 29

*Gibson v. Brewer*, 952 S.W.2d 239 (Mo. banc 1997)................................................................... 23

*Gibson v. Hummel*, 688 S.W.2d 4 (Mo. Ct. App. 1985)............................................................... 23

**\*** *Gillis v. Principia Corp.*, 111 F. Supp. 3d 978 (E.D. Mo. 2015) ....................................... 22, 23

*Gillis v. Principia Corp.*, 832 F.3d 865 (8th Cir. 2016) ............................................................. 23

*Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915 (2011) ............................................. 5

*Graves v. Berkowitz*, 15 S.W.3d 59 (Mo. Ct. App. 2000) ........................................................... 22

*GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343 (D.C. Cir. 2000)......................... 4

**\*** *Hamilton v. JPMorgan Chase Bank*, 118 F. Supp. 3d 328 (D.D.C. 2015)......................... 15, 16

*Hardnett v. Duquesne Univ.*, 897 F. Supp. 920 (D. Md. 1995)...................................................... 8

*Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984) ................................... 9

*Hindu Am. Foundation v. Viswanath*, 646 F. Supp. 3d 78 (D.D.C. 2022) ..................................... 4

*Impey v. Clithero*, 553 S.W.3d 344 (Mo. Ct. App. 2018)............................................................. 28

*In re APA Assessment Fee Litig.*, 766 F.3d 39 (D.C. Cir. 2014) ................................................. 17

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)....................................................................... 6

*Isaacs v. Arizona Bd. of Regents*, 608 F. App'x 70 (3d Cir. 2015) ............................................... 8

*J. McIntyre Mach., Ltd. v. NiCastro*, 564 U.S. 873 (2011) ............................................................. 5

*Jackson v. Metro. Edison Co.*, 419 U.S. 345 (1974)...................................................................... 29

*Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984)................................................................. 6

*Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941) .......................................................... 17

*Lopez v. District of Columbia*, 2024 WL 1344435 (D.D.C. 2024)................................................. 18

*Lucero v. Curators of Univ. of Mo.*, 400 S.W.3d 1 (Mo. Ct. App. 2013)...................................... 21

*Luy v. Baltimore Police Dep't*, 326 F. Supp. 2d 682 (D. Md. 2004),

    *aff'd*, 120 F. App'x 465 (4th Cir. 2005)................................................................................. 21

*M.B. v. Live Nation Worldwide, Inc.*, 661 S.W.3d 342 (Mo. Ct. App. 2022)......................... 24, 25

*Mahdi v. Murphy*, 224 F. Supp. 3d 47 (D.D.C. 2016) .................................................................. 15

*Material Supply Int'l, Inc. v. Sunmatch Indus. Co., Ltd.*, 62 F. Supp. 2d 13 (D.D.C. 1999).......... 4

*McClean v. Duke Univ.*, 376 F. Supp. 3d 585 (M.D.N.C. 2019)................................................... 29

*Mo. Church of Scientology v. Adams*, 543 S.W.2d 776 (Mo. banc 1976) .................................... 27

*Moore v. Armed Forces Bank, N.A.*, 534 S.W.3d 323 (Mo. Ct. App. 2017) ................................ 26

*Muckle v. UNCF*, 930 F. Supp. 2d 1355 (N.D. Ga. 2012)............................................................ 26

*Mykonos v. United States*, 59 F. Supp. 3d 100 (D.D.C. 2014) ..................................................... 17

*Nat'l Coll. Athl. Ass'n v. Tarkanian*, 488 U.S. 179 (1988)............................................................ 29

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) ....................................................... 18

*Olathe Millwork Co. v. Dulin*, 189 S.W.3d 199 (Mo. Ct. App. 2006)........................................... 26

*Parlante v. Liberty Univ.*, 2022 WL 1498113 (W.D. Va. May 11, 2022).................................... 29

*Price v. Auto. Fin. Corp.*, 2026 WL 686150 (D.D.C. Mar. 11, 2026)........................................... 29

*Reiman v. First Union Real Estate Equity & Mortg.*, 614 F. Supp. 255 (D.D.C. 1985) ................ 9

*Rendell-Baker v. Kohn*, 457 U.S. 830 (1982) .............................................................................. 29

*Roman-Salgado v. Holder*, 730 F. Supp. 2d 126 (D.D.C. 2010) .................................................. 16

*Saling v. Pelton,* 2023 WL 1765203 (E.D. Mo. Feb. 3, 2023) ...................................................... 24

*Simms v. District of Columbia*, 699 F. Supp. 2d 217 (D.D.C. 2010)............................................. 29

*Slovinec v. DePaul Univ.*, 332 F.3d 1068 (7th Cir. 2003) ............................................................ 29

*Smith v. Epiq Glob. Bus. Transformation Sols., LLC*, 2024 WL 3682223
    (W.D.N.C. Aug. 6, 2024)........................................................................................... 20

**\*** *Soueidan v. St. Louis Univ.*, 926 F.3d 1029 (8th Cir. 2019) ................................................ 21, 24

*Trs. of Clayton Terrace Subdivision v. 6 Clayton Terrace, LLC*, 585 S.W.3d 269
    (Mo. banc 2019)........................................................................................................ 28

*United States v. Morrison*, 529 U.S. 598 (2000) ........................................................................ 29

**\*** *Walden v. Fiore*, 571 U.S. 277 (2014)........................................................................ 6, 7, 9, 10

*Watson v. Faris*, 139 F. Supp. 3d 456 (D.D.C. 2015)..................................................................... 4

*Weinstein v. KLT Telecom, Inc.*, 225 S.W.3d 413 (Mo. banc 2007) ............................................. 26

*Zhengxing v. Nathanson*, 215 F. Supp. 2d 114 (D.D.C. 2002) ..................................................... 18

**Statutes**

18 U.S.C. § 241.............................................................................................................................. 33

42 U.S.C. § 1981............................................................................................................................ 24

42 U.S.C. § 1983............................................................................................................................ 35

42 U.S.C. § 2000d.......................................................................................................................... 22

42 U.S.C. § 2000e..................................................................................................................... 21, 22

D.C. Code § 13-423 ................................................................................................................ 5, 15, 16

**Other Authorities**

1 Am. Jur. 2d *Abuse of Process* § 2, Westlaw (last updated May 2026)...................................... 28

**Rules**

Fed. R. Civ. P. 12(b)(2)..................................................................................................... 4, 13

Fed. R. Civ. P. 12(b)(3)......................................................................................................... 14

Fed. R. Civ. P. 12(b)(6)......................................................................................................... 19

Fed. R. Civ. P. 4(k)(1)(A) ....................................................................................................... 4

Fed. R. Civ. P. 6(a)(1)(C). ...................................................................................................... 1

**INTRODUCTION**

This is the second attempt by former Washington University School of Law student Plaintiff Allison Brown ("Plaintiff") to initiate litigation against Defendant Washington University ("WashU") and twelve of WashU's faculty and staff arising from her time at the school.[1]  Plaintiff, a Maryland citizen, originally sued these Defendants in the U.S. District Court for the District of Maryland, Case No. 8:24-cv-03198.  The district court there dismissed the case for lack of personal jurisdiction.  *Brown v. Washington Univ.*, 2025 WL 2197145 (D. Md. Aug. 1, 2025).  Plaintiff appealed the dismissal to the U.S. Court of Appeals for the Fourth Circuit, Case No. 25-1887, which affirmed the dismissal.  *See* 2026 WL 498076, at *1 (4th Cir. Feb. 23, 2026).  Plaintiff since filed a Petition for Writ of Certiorari with the United States Supreme Court (No. 25-1353), which was docketed on June 4, 2026.

Even as she pursues that long-shot appeal, Plaintiff is simultaneously trying her luck in this forum.[2]  Yet, the same jurisdictional defects that doomed Plaintiff's Complaint in Maryland plague her Complaint in the District of Columbia.  None of the Defendants are subject to personal jurisdiction in this court.  WashU is a resident of Missouri, where it was incorporated and has its principal place of business.  (Compl., ¶ 4; *see also* Exhibit 5, Declaration of D. Wendler Modde at ¶ 7.)  The Individual Defendants were employed by WashU and worked at its campus in St. Louis.  (Compl., ¶¶ 7-16; *see also* Exhibits 1–12.)  None of them reside or work in the District of

---

[1] The twelve Individual Defendants are Adrienne Davis, Russell Osgood, Peggie Smith, Elizabeth Katz, Elizabeth Walsh, Carrie Burns, Angela Smith, Rob Wild, Darrell Hudson, Nicole Gore, Mark Kamimura-Jiménez, and Deanna Wendler Modde  (together, WashU and the Individual Defendants shall be referred to as "Defendants").

[2] Defendants' 60-day deadline to file this responsive pleading after waiving service of summons fell on Sunday, June 7, 2026.  (*See* ECF No. 3.)  Accordingly, Defendants' motion is timely filed today, Monday, June 8, 2026 (the next business day).  *See Freeman v. Howard Univ. Coll. of Med.*, 2022 WL 4289640, at *6 n.5 (D.D.C. Sept. 16, 2022); Fed. R. Civ. P. 6(a)(1)(C).

1

Columbia.  The only meager connection to the District of Columbia is Plaintiff's decision to attend Georgetown University Law Center as a visiting student for her third year of law school.

Plaintiff's shotgun-style, 178-paragraph Complaint alleges numerous, at times difficult to decipher, wrongs that she claims Defendants committed during her time as a student at WashU's School of Law, including failing to investigate complaints she made regarding gun violence, race discrimination, and sex discrimination.  The crux of the Complaint, however, appears to be that WashU temporarily suspended her from campus for six months while investigating whether she violated the Student Code of Conduct.  (Exhibit D to Complaint, ECF No. 1-1.)  Plaintiff claims that this investigation was actually pursued "because [she] is Black and complained of race and/or sex discrimination[.]"  (Compl. ¶ 89.)

The Complaint describes various classroom interactions, meetings with faculty and staff, and disciplinary proceedings—all of which took place in Missouri.  The Complaint's only allegations connecting Defendants to the District of Columbia are that WashU continuously recruits students in the District of Columbia, including Plaintiff, to attend its undergraduate and graduate programs (id. ¶ 4), that Plaintiff experienced "adverse and discriminatory actions" while attending Georgetown (id. ¶ 24), and that (also unspecified) "Defendants" made allegedly defamatory statements to "federal investigators in Washington D.C. at the US Department of Education and FAFSA's Ombudsman Office" (id. ¶ 170).  These allegations are insufficient to give rise to specific or general personal jurisdiction.  Even if Plaintiff could somehow establish personal jurisdiction over these 13 Defendants (she cannot), this Court is not the proper venue for her claims against them.  Were these defects not enough, each of Plaintiff's 11 claims in the Complaint fail to state a claim upon which relief may be granted. For these reasons, the Court should dismiss this case in its entirety.

**STATEMENT OF FACTS**

WashU is a resident of Missouri.  (Compl., ¶ 4.)  Plaintiff is a citizen of Maryland and former student at WashU.  (*Id.* at p. 1 and ¶ 1.)  The Individual Defendants were employed by WashU and worked at its campus in St. Louis.  (Compl., ¶¶ 7-16; *see also* Exhibits 1–12.)  Plaintiff began attending WashU in September 2021.  (Compl.,  ¶¶ 41-42.)

In the fall of 2022, during Plaintiff's second year of law school, Plaintiff alleges that WashU temporarily suspended her from campus for six months while investigating whether she violated the Student Code of Conduct by "engag[ing] in a pattern of disruptive and harassing behavior targeted at law school community members, including faculty and students."  (Exhibit D to Complaint, ECF No. 1-1; *see also id.* at ¶¶ 87-90.)  She further alleges that in May 2023, the end of her second year of law school, the Student Conduct Board found her "not guilty" of the charges made against her under the Student Code of Conduct.  (Compl., ¶ 125.)

Plaintiff relocated to Maryland (not the District of Columbia) after being suspended from campus and remained in Maryland when she enrolled as a visiting student at Georgetown for her third year of law school.  (Compl. ¶¶ 1, 3.)  Plaintiff further alleges she paid WashU $17,455.02 in cash and $30,000 in federal student loans for the 2023-2024 academic year, during which she attended Georgetown as a visiting student.  (*Id.* at p. 3.)  Because, however, WashU allegedly revoked her $37,000 annual scholarship, Plaintiff still owed approximately $40,000.  (*Id.*; *see also* Exhibit H to Complaint, ECF No. 1-1.)  Plaintiff alleges WashU wrongfully revoked her scholarship and wrongfully initiated garnishment proceedings to collect her outstanding, unpaid tuition balance and late fees.  (Compl. at p. 3; *see also* Exhibit H to Complaint, ECF No. 1-1.)

**ARGUMENT**

I.    **THE DISTRICT OF COLUMBIA DOES NOT HAVE PERSONAL JURISDICTION OVER ANY DEFENDANT.**

a.    **Standard of Review.**

Under Federal Rule of Civil Procedure 12(b)(2), it is the plaintiff's burden to establish personal jurisdiction by alleging "specific facts upon which personal jurisdiction may be based." *Hindu Am. Foundation v. Viswanath*, 646 F. Supp. 3d 78, 89 (D.D.C. 2022). In evaluating the plaintiff's showing, a court "need not treat all of a plaintiff's allegations as true," though any factual conflicts should be resolved in the plaintiff's favor. *Id.* (citation modified). Unlike with a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court may consider declarations and other submitted evidence in resolving a Rule 12(b)(2) motion. *Watson v. Faris*, 139 F. Supp. 3d 456, 459-60 (D.D.C. 2015).

Under Rule 4(k)(1)(A), a federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). A district court's exercise of personal jurisdiction over a nonresident defendant must satisfy both the long-arm statute of the state in which the court sits and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). The District of Columbia long-arm statute, D.C. Code § 13-423, authorizes the exercise of personal jurisdiction to the limits permitted by the Due Process Clause of the Fourteenth Amendment. *Material Supply Int'l, Inc. v. Sunmatch Indus. Co., Ltd.*, 62 F. Supp. 2d 13, 18-19 (D.D.C. 1999). There may be cases, however, in which personal jurisdiction comports with federal due process but which present factual scenarios outside the scope of the long-arm statute. *GTE New Media Servs. Inc.*, 199 F.3d at 1347. Thus, the jurisdictional analysis under the long-arm statute does not simply collapse into the due process analysis. *See id.*

4

**b.     Due Process.**

The United States Supreme Court has recognized two distinct types of personal jurisdiction: general and specific.  *See J. McIntyre Mach., Ltd. v. NiCastro*, 564 U.S. 873, 881 (2011).  Neither exists here.

**1.     General Personal Jurisdiction.**

General personal jurisdiction exists only if a defendant is so closely connected to a forum state as to be "at home" there—the paradigmatic examples being a natural person's state of domicile (*i.e.*, where a person resides and intends to remain indefinitely) and a corporation's state of incorporation or location of its principal place of business.  *See Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 924 (2011); *Cockrum v. Donald J. Trump for President, Inc.*, 319 F. Supp. 3d 158, 174 (D.D.C. 2018).

This Court does not have general personal jurisdiction over any Defendant.  WashU's place of incorporation and principal place of business is St. Louis, Missouri (Compl. at ¶ 4; *see also* Exhibit 5, Declaration of D. Wendler Modde at ¶ 7), and no Individual Defendant is domiciled in the District of Columbia.  Instead, Defendants Davis, A. Smith, Burns, Wendler Modde, Walsh, Kamimura-Jimenez, Gore, P. Smith, Osgood, and Wild reside and intend to remain indefinitely in Missouri.  (Exhibit 1, Declaration of A. Davis at ¶ 3; Exhibit 2, Declaration of A. Smith at ¶ 3; Exhibit 3, Declaration of C. Burns at ¶ 3; Exhibit 5, Declaration of D. Wendler Modde at ¶ 3; Exhibit 7, Declaration of E. Walsh at ¶ 3; Exhibit 8, Declaration of M. Kamimura-Jimenez at ¶ 3; Exhibit 9, Declaration of N. Gore at ¶ 3; Exhibit 10, Declaration of P. Smith at ¶ 3; Exhibit 11, Declaration of R. Osgood at ¶ 3[3]; Exhibit 12, Declaration of R. Wild at ¶ 3.)  Defendant Hudson

---

[3] Defendant Osgood also maintains a residence in Massachusetts.  (Exhibit 11, Declaration of R. Osgood at ¶ 11.)

resides and intends to remain indefinitely in Michigan. (Exhibit 4, Declaration of D. Hudson at ¶ 4.) And Defendant Katz resides and intends to remain indefinitely in Florida. (Exhibit 6, Declaration of E. Katz at ¶ 5.) Accordingly, the Court may not exercise general personal jurisdiction over any defendant.

### 2.    Specific Personal Jurisdiction.

Specific personal jurisdiction "covers defendants less intimately connected with a State, but only as to a narrower class of claims." *Ford Motor Co. v. Montana Eighth Judicial District Court*, 592 U.S. 351, 359 (2021). Specific personal jurisdiction arises when "the relationship among the defendant, the forum, and the litigation" involves "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (first quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984), then quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). This "relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State," and the Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Id.* (quoting *Burger King Corp. v Rudzewicz*, 471 U.S. 462, 475 (1985)); *see also id.* at 285 ("[T]he plaintiff cannot be the only link between the defendant and the forum.").

To determine whether a court may exercise specific jurisdiction over a non-resident defendant, the court must find that the defendant took "some act by which it purposefully avail[ed] itself of the privilege of conducting activities within the forum State." *Ford Motor Co.*, 592 U.S. at 359 (citation omitted). "The contacts must be the defendant's own choice and not 'random, isolated, or fortuitous.'" *Id.* (quoting *Keeton*, 465 U.S. at 774). The contacts "must show that the defendant deliberately 'reached out beyond' its home—by, for example, 'exploi[ting] a market' in

6

the forum State or entering a contractual relationship centered there." *Id.* (quoting *Walden*, 571 U.S. at 285). "Yet even then—because the defendant is not 'at home'—the forum State may exercise jurisdiction" only if the plaintiff's claims "arise out of or relate to the defendant's contacts with the forum." *Id.* (citations omitted).

> **(1)    *Defendants Did Not Purposefully Avail Themselves of the Privilege of Conducting Activities in the District of Columbia.***

In assessing purposeful availment, the focus should be on "the defendant's contacts with the forum State itself not the defendant's contacts with persons who reside there." *Walden*, 571 U.S. at 285. Courts consider "the quality and nature" of the defendant's activities in the forum state to determine whether the exercise of personal jurisdiction would comport with "fair play and substantial justice." *Burger King Corp.*, 471 U.S. at 475 (citation omitted).

Here, the quality and nature of Defendants' contacts with the District of Columbia do not establish purposeful availment. Plaintiff does not allege that Defendants maintain any offices, agents, or property in D.C., and the declarations of the Individual Defendants confirm that they do not own property or pay taxes in D.C. (Exhibit 1, Declaration of A. Davis at ¶ 5; Exhibit 2, Declaration of A. Smith at ¶ 5; Exhibit 3, Declaration of C. Burns at ¶ 5; Exhibit 4, Declaration of D. Hudson at ¶ 6; Exhibit 5, Declaration of D. Wendler Modde at ¶ 5; Exhibit 6, Declaration of E. Katz at ¶ 7; Exhibit 7, Declaration of E. Walsh at ¶ 5; Exhibit 8, Declaration of M. Kamimura-Jimenez at ¶ 5; Exhibit 9, Declaration of N. Gore at ¶ 5; Exhibit 10, Declaration of P. Smith at ¶ 5; Exhibit 11, Declaration of R. Osgood at ¶ 5; Exhibit 12, Declaration of R. Wild at ¶ 5.) Plaintiff also does not allege that any of the Individual Defendants have or seek to solicit or initiate any business in D.C. or engage in significant or long-term business activities in D.C., and the declarations of the Individual Defendants confirm that they do not. (Exhibit 1, Declaration of A.

7

Davis at ¶ 4; Exhibit 2, Declaration of A. Smith at ¶ 4; Exhibit 3, Declaration of C. Burns at ¶ 4; Exhibit 4, Declaration of D. Hudson at ¶ 5; Exhibit 5, Declaration of D. Wendler Modde at ¶ 4; Exhibit 6, Declaration of E. Katz at ¶ 6; Exhibit 7, Declaration of E. Walsh at ¶ 4; Exhibit 8, Declaration of M. Kamimura-Jimenez at ¶ 4; Exhibit 9, Declaration of N. Gore at ¶ 4; Exhibit 10, Declaration of P. Smith at ¶ 4; Exhibit 11, Declaration of R. Osgood at ¶ 4; Exhibit 12, Declaration of R. Wild at ¶ 4.)

Plaintiff does allege that WashU continuously recruits students in the District of Columbia to attend its undergraduate and graduate programs. (Compl. ¶ 4.) But she does not specifically allege that *she* was recruited to attend WashU while present in the District of Columbia. And, even if she did, such an allegation would still be insufficient to establish personal jurisdiction. *See, e.g.*, *Hardnett v. Duquesne Univ.*, 897 F. Supp. 920, 924 (D. Md. 1995) ("Whatever argument might be made in favor of personal jurisdiction over nonforum commercial establishments that advertise for Maryland customers, the same cannot be said of a nonforum university."); *Isaacs v. Arizona Bd. of Regents*, 608 F. App'x 70, 76 (3d Cir. 2015); *Fields v. Sickle Cell Disease Ass'n of Am., Inc.*, 376 F. Supp. 3d 647, 652-54 (E.D.N.C. 2018) (granting motion to dismiss where plaintiff telecommuted, no meetings were held in forum, no employees traveled to forum to work with plaintiff, and plaintiff initiated contact with defendant and noting that plaintiff's choice to complete her work in the forum state was a unilateral decision that cannot be fairly attributed to the defendant).

In a vague attempt to plead the existence of personal jurisdiction, Plaintiff alleges in conclusory fashion that "Defendant[4] committed a substantial part of the discriminatory acts against Plaintiff within this District," causing her to "experienc[e] a significant amount of adverse and

---

[4] Apparently referring to WashU, though Plaintiff does not specify.

discriminatory actions . . . while attending Georgetown University." (Compl. ¶ 24.) Yet the only specific factual allegation Plaintiff makes is that WashU "sent billing and suspension[5] documents to Plaintiff while she attended Georgetown University." (*Id.*) Even if communications between an out-of-state defendant and a plaintiff in the forum could suffice to establish personal jurisdiction, however, Plaintiff does not allege that these "documents" were sent to her in D.C., but only that she (a Maryland resident) received them and, at the same time, was attending school in D.C. This is not enough to establish purposeful availment between Defendants and D.C. *Walden*, 571 U.S. at 284 ("We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State."); *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) ("[T]he unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction."); *Reiman v. First Union Real Estate Equity & Mortg.*, 614 F. Supp. 255, 257 (D.D.C. 1985) ("A plaintiff may not . . . depend upon his own activity to establish the existence of minimum contacts; the defendant must in some way have voluntarily and purposefully availed himself of the protection of the forum state's laws.") Because Defendants did not purposefully avail themselves of the privilege of conducting activities in the District of Columbia, the Court should conclude that specific personal jurisdiction does not exist and end the inquiry here.

---

[5] Plaintiff does not identify the so-called "suspension documents" sent to her while attending Georgetown and, in fact, pleads that her suspension had been lifted and the SCB hearing concluded by the time she began attending Georgetown in August 2023. (Compl. ¶ 125 ("Plaintiff was found not guilty on all charges by the SCB in May 2023. Plaintiff was temporarily suspended for 6 months, from November 2022 until May 2023 . . ."); *id.* ¶ 37 (alleging she "relocate[ed] to Georgetown University in August 2023").)

**(2)**     ***Plaintiff's Claims Do Not Arise Out of or Relate to Defendants' Alleged Contacts with the District of Columbia.***

The second step in the specific personal jurisdiction analysis asks whether the plaintiff's claims "arise out of or relate to the defendant's contacts with the forum." *Ford Motor Co.*, 592 U.S. at 359. If the claims against the defendant do not "arise out of or relate to" the defendant's contacts with the forum, personal jurisdiction does not exist.

Here, none of Plaintiff's eleven claims arise out of or relate to any activities directed at D.C. The allegations in the Complaint concern WashU's investigation of alleged misconduct, implementation of disciplinary proceedings, and decisions regarding Plaintiff's scholarship—all of which occurred in Missouri. Plaintiff's claims of discrimination, harassment, breach of contract, and defamation stem from classroom interactions, meetings, and administrative proceedings that took place entirely on WashU's St. Louis campus. That Plaintiff chose to attend Georgetown in D.C. after these events occurred does not establish the required connection between Defendants' (nonexistent) forum contacts and her claims. *Walden*, 571 U.S. at 290 (holding that with respect to specific jurisdiction, the question "is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.").

Indeed, Plaintiff's own allegations demonstrate that her claims arise from conduct that occurred *before* she began attending Georgetown in August 2023. She alleges that she enrolled at Georgetown only after her suspension from WashU's campus was lifted and the SCB hearing was over. (Compl. ¶ 125 ("Plaintiff was found not guilty on all charges by the SCB in May 2023. Plaintiff was temporarily suspended for 6 months, from November 2022 until May 2023 . . ."); *id.* ¶ 37 (alleging she "relocate[ed] to Georgetown University in August 2023").)

Nor does the Consortium Agreement between WashU and Georgetown (Exhibit H to Complaint, ECF No. 1-1) provide a basis for personal jurisdiction.  Under the Consortium Agreement, WashU agreed to "register [Plaintiff] under visiting student status," assign her "credit for the courses taken at [Georgetown] on the same basis as it would for course work taken at Washington University," provide "enrollment verification," "determine financial aid eligibility," and "disburse all sources of financial aid for [Plaintiff] during [her] enrollment [at Georgetown] according to institutional policy."  Plaintiff's claims plainly do not arise out of or relate to the Consortium Agreement or any of the promises WashU made to Georgetown thereunder (indeed, Plaintiff is not even a party to the Consortium Agreement, nor does she allege any breach of the Consortium Agreement).

Plaintiff also does not allege that any of the Individual Defendants engaged in conduct specifically directed at D.C. that arises out of or relates to her claims.  The Individual Defendants' various roles in the disciplinary proceedings, scholarship decisions, and alleged discriminatory conduct all concerned their work as WashU employees in Missouri.  That Plaintiff chose to enroll at Georgetown after these events cannot create the necessary connection between her claims and any Defendant's forum contacts.  Although Plaintiff alleges that WashU continuously recruits students in the District of Columbia to attend its undergraduate and graduate programs, this contact cannot support specific jurisdiction because her claims do not arise from or relate to such alleged recruitment activities (indeed, Plaintiff does not allege that she was "recruit[ed]" to attend WashU while she was in the District of Columbia).  The Supreme Court has made clear that specific jurisdiction requires a substantive causal link between a defendant's forum contacts and a plaintiff's claims.  *See Ford*, 592 U.S. at 360.  WashU's alleged general recruitment of students

11

from D.C. has no causal relationship to Plaintiff's claims of discrimination, retaliation, and wrongful discipline arising from her time as a student in Missouri.

Even under the most generous reading of the Complaint, none of Plaintiff's claims arise from or relate to the Defendants' alleged contacts with D.C.  Thus, personal jurisdiction does not exist.  *See Ford*, 592 U.S. at 359.

### (3)    The Exercise of Personal Jurisdiction Over Defendants Would Not Be Constitutionally Reasonable.

Finally, the Court's exercise of personal jurisdiction over Defendants would not be constitutionally reasonable.  "In determining whether jurisdiction is constitutionally reasonable, [courts] may evaluate 'the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in further fundamental substantive social policies.'"  *Burger King Corp.*, 471 U.S. at 477-78 (1985).

Applying these principles, requiring Defendants to litigate this case in the District of Columbia would impose a substantial and unreasonable burden.  Each Individual Defendant resides in either Missouri, Massachusetts, Michigan, or Florida, and WashU is a citizen of Missouri.  Defending this action in D.C. would require Defendants to travel across the country, away from their places of employment and residence, to litigate claims that arose entirely from conduct occurring in Missouri.  *See id.*  The burden is particularly acute given that virtually all relevant witnesses and evidence are located in Missouri, where Plaintiff's legal education, as well as the alleged discriminatory acts and disciplinary proceedings, took place.

The District of Columbia's interest in adjudicating this dispute is minimal, particularly in light of the fact that Plaintiff is not (and does not allege to have ever been) a resident of D.C.  The

12

controversy in this case centers on events that occurred entirely within Missouri at a Missouri institution.  Although Plaintiff claims to have experienced effects of the alleged conduct while she was attending school in D.C., these effects stem solely from her unilateral decision to transfer there after her suspension.   The interstate judicial system's interest in efficient resolution of controversies strongly favors litigating these claims in Missouri, where the vast majority of witnesses and evidence are located.  Moreover, Missouri has a far greater interest than D.C. in regulating the conduct of its educational institutions and adjudicating disputes arising from educational services provided within its borders.  Requiring Defendants to defend against claims in D.C. based solely on a student's choice to attend an institution in that forum after leaving WashU would offend traditional notions of fair play and substantial justice.  In sum, all of the relevant factors reveal that personal jurisdiction is lacking under the Due Process Clause.  Plaintiff's Amended Complaint should be dismissed under Rule 12(b)(2).

### c.        D.C.'s Long-Arm Statute.

As relevant here, D.C.'s long-arm statute authorizes jurisdiction over a party which, directly or by an agent, "(1) [t]ransacts any business in the District of Columbia; [or] . . . (3) [c]auses tortious injury in the District of Columbia by an act or omission in the District of Columbia; (4) [c]auses tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." D.C. Code § 13-423(a) .  To exercise personal jurisdiction under the long-arm statute, the Court must determine that at least one of these acts has occurred and that the claim for relief arises from said act(s). *Id.* § 13-423(a)-(b) .

First, Defendants have not transacted relevant business or performed any relevant work or service in the District of Columbia within the meaning of § 13-423.  Although WashU allegedly

13

recruits students in the District of Columbia to attend its undergraduate and graduate programs, Plaintiff's claims do not arise from any such recruitment activities. The mere fact that Plaintiff chose to attend Georgetown does not constitute transacting business in D.C. Moreover, none of the Individual Defendants conducted any business or performed any work in D.C.—their interactions with Plaintiff occurred entirely in Missouri as part of their employment.

Second, Plaintiff's allegations fail to satisfy either § 13-423(a)(3) or § 13-423(a)(4) . Section 13-423(a)(3) does not apply because Defendants did not commit any relevant acts or omissions in D.C.; rather, all alleged discriminatory conduct and disciplinary proceedings occurred in Missouri. Section 13-423(a)(4) is likewise inapplicable because Plaintiff does not allege Defendants regularly conduct business in D.C., maintain any persistent course of conduct there, or derive substantial revenue from services in D.C. WashU's alleged general recruitment of students attending universities in D.C. does not establish the type of regular, persistent conduct contemplated by the statute, particularly where Plaintiff's claims bear no relationship to such alleged recruitment. The Individual Defendants have even less connection to D.C., as they neither conduct business nor derive any revenue from the state. In short, D.C.'s long-arm statute does not reach Defendants. Nor does the Due Process Clause permit the exercise of personal jurisdiction. Accordingly, Plaintiff's Complaint should be dismissed for lack of personal jurisdiction.

## II.    THE DISTRICT OF COLUMBIA IS AN IMPROPER VENUE FOR PLAINTIFF'S COMPLAINT.

### a.    Standard of Review.

A defendant may move to dismiss a lawsuit for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure. "In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's

favor." *Hamilton v. JPMorgan Chase Bank*, 118 F. Supp. 3d 328, 331 (D.D.C. 2015). Nonetheless, the burden remains on the Plaintiff to establish that venue is proper. *See Ananiev v. Wells Fargo Bank, N.A.*, 968 F. Supp. 2d 123, 129 (D.D.C. 2013). "Venue is proper in the district where (1) any defendant resides, if all defendants reside in the same state; (2) 'a substantial part' of the events giving rise to the suit occurred; or (3) if venue would not be proper in any district for those reasons, wherever the defendants are subject to personal jurisdiction." *Carter v. Vujasinovic*,, 2020 WL 2064084, at *2 (D.D.C. Apr. 29, 2020) (citing 28 U.S.C. § 1391(b)). On a Rule 12(b)(3) motion, the Court may order either dismissal or transfer to a proper venue at its discretion. *See Hamilton*, 118 F. Supp. at 333.

### b.    Plaintiff's Complaint Should be Dismissed for Improper Venue.

Venue is improper in the District of Columbia. As explained fully above, no Defendant resides in the District of Columbia, and no Defendant committed any relevant acts or omissions in the District of Columbia. Plaintiff's allegations concern WashU's investigation of alleged misconduct, implementation of disciplinary proceedings, and decisions regarding Plaintiff's scholarship—all of which occurred in Missouri. Because a substantial part of the events giving rise to Plaintiff's claims occurred elsewhere, venue here is improper. *See Ananiev*, 968 F. Supp. 2d at 131 (granting dismissal for improper venue in D.C. where the foreclosure sale and real property at issue in the case both were in California); *Mahdi v. Murphy*, 224 F. Supp. 3d 47, 48 (D.D.C. 2016) (dismissing suit for improper venue where claims arose from plaintiff's employment with defendant in another state).

The only alleged event that even occurred in the District of Columbia is Plaintiff's attendance at Georgetown. But Plaintiff acknowledges that the events giving rise to her lawsuit occurred *before* she attended Georgetown. (Compl. ¶¶ 37, 125.) Even if the alleged events in the District of Columbia did give rise to Plaintiff's lawsuit (they did not), it is plain that they did not

15

play a "substantial part" giving rise to her claims. *See Fam v. Bank of Am. NA (USA)*, 236 F. Supp. 3d 397, 406 (D.D.C. 2017) (holding that D.C. was an improper venue for a suit challenging a foreclosure where the underlying loan papers were sent from an office in D.C., but the property in question was located in Virginia and the alleged loan rescission and cancelled foreclosure sales occurred in Virginia). And the Court need not reach the issue of whether "any defendant is subject to the court's personal jurisdiction," because the predicate requirement is not met: venue would be proper where a substantial part of the events giving rise to the suit occurred, in Missouri. In light of Plaintiff's stated refusal to bring suit in Missouri (*see* Petition for Writ of Certiorari (Case No. 25-1353), at 18-19), and the significant deficiencies in her pleadings (discussed below), the Court should dismiss the action in its entirety rather than order transfer. *See Hamilton*, 118 F. Supp. 3d at 333 (ordering case dismissed rather than transferred for improper venue where the complaint contained "significant substantive deficiencies"); *Roman-Salgado v. Holder*, 730 F. Supp. 2d 126, 131 (D.D.C. 2010) (ordering case dismissed rather than transferred for improper venue where the complaint in its current form would likely face dismissal for failure to state a claim).

### III.     PLAINTIFF FAILS TO STATE A CLAIM AGAINST ANY DEFENDANT.

#### a.     Standard of Review.

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). While pro se filings are generally reviewed under "less stringent standards than formal pleadings drafted by lawyers," a pro se plaintiff still must "plead factual

16

matter that permits the court to infer more than the mere possibility of misconduct."[6] *Mykonos v. United States*, 59 F. Supp. 3d 100, 103 (D.D.C. 2014).

### b. Missouri Law Governs Plaintiff's Claims.

"A federal court sitting in diversity must apply the choice-of-law rules of the forum state—here, the District of Columbia." *Beach TV Props., Inc. v. Solomon*, 306 F. Supp. 3d 70, 92 (D.D.C. 2018) (citation omitted); *see also Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 494 (1941)). D.C. law employs "a modified governmental interests analysis which seeks to identify the jurisdiction with the most significant relationship to the dispute." *In re APA Assessment Fee Litig.*, 766 F.3d 39, 51 (D.C. Cir. 2014) (citation omitted). If a conflict of law between the forum state and the potentially interested jurisdiction exists, the law of the jurisdiction with the most significant relationship to the dispute will apply. *Id.* This test is based on four factors: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Corp. Accountability Lab v. Sambazon, Inc.*, 340 A.3d 1277, 1286 (D.C. Ct. App. 2025) (citation modified).

Here, as described above, (a) the alleged wrongs all occurred in Missouri, (b) the conduct allegedly causing the injury occurred in Missouri, (c) no party has its domicile, residence, nationality, place of incorporation, or place of business" in the District of Columbia, and (d) the parties' relationship is centered in Missouri. Thus, Missouri is the jurisdiction with the most significant relationship to the dispute. As such, to the extent there is a conflict between D.C. law

---

[6] On May 12, 2026, Plaintiff was admitted to the Pennsylvania Bar. *See* Petition for Writ of Certiorari (Case No. 25-1353), at 8.

and Missouri law with respect to Plaintiff's common law claims (Counts IV, V, VI, VII, VIII, and X), Missouri law applies.

### c.    Count I – "Title VII"

In Count I, Plaintiff alleges Defendants engaged in race and sex discrimination and retaliation in violation of Title VII, a federal law that prohibits employment discrimination based on certain protected classes. 42 U.S.C. § 2000e–2(a). Thus, to state a claim under Title VII, the plaintiff "must be an employee of the defendant." *Delbert v. Duncan*, 923 F. Supp. 2d 256, 259 (D.D.C. 2013). In an attempt to plead the existence of an employment relationship, Plaintiff alleges she was "hired by" Defendant Davis to perform research and received a $1,000 grant in connection with this work. (Compl. ¶¶ 75-76.) Even if this allegation sufficed to establish an employment relationship for purposes of Title VII,[7] Plaintiff does not allege that she timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), a fact which is by itself fatal to her claim.

"[F]iling a timely charge is a prerequisite to having an actionable claim." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 120 (2002). A charge is "timely" if filed within 180 days of the alleged discriminatory or retaliatory act. 42 U.S.C. § 2000e-5(e)(1) .[8] "This timing requirement essentially functions as a statute of limitations for Title VII actions" and requires dismissal of the Title VII claim if the charge is not filed within the 180-day period. *Lopez v. District of Columbia*, 2024 WL 1344435, at *5 (D.D.C. 2024) (citations omitted). Here, Plaintiff

---

[7] It does not. *See, e.g.*, *Zhengxing v. Nathanson*, 215 F. Supp. 2d 114 (D.D.C. 2002) (research assistant was an independent contractor rather than an employee, and thus was not entitled to the protection of Title VII, where she was paid by the job rather than by her time, she did not receive any leave or benefits, and she received a tax form 1099).

[8] The timeframe expands to 300 days if the plaintiff has instituted proceedings with a state or local agency. *See* 42 U.S.C. § 2000e-5(e)(1)) .

does not even allege that she filed a charge of discrimination, let alone that she did so in a timely manner.  For this reason, her Title VII claim must be dismissed under Rule 12(b)(6).

Further, "Title VII does not impose liability on individuals in their personal capacities; a claim against a supervisor 'essentially merges' with any claim against the employer itself." *Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 135 (D.D.C. 2016) (citation omitted).  Thus, the Individual Defendants should be dismissed for this separate, additional reason.

### d.     Count II – "Title VI"

Title VI, 42 U.S.C. § 2000d, prohibits intentional discrimination by recipients of federal funding on the basis of race, color, or national origin.  *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001).  To survive a motion to dismiss under Title VI, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," which cannot be based on inferences that are unsupported by the facts, nor legal conclusions cast as factual allegations.  *Chandamuri v. Georgetown University*, 274 F. Supp. 2d 71, 78 (D.D.C. 2003).  Here, Plaintiff alleges no such facts (other than her own speculation and surmise) to support her allegation that WashU's actions were motivated by her race rather than the "pattern of disruptive and harassing behavior targeted at law school community members, including faculty and students," as stated in the letter informing Plaintiff of her suspension.  (Exhibit D to Complaint, ECF No. 1-1.)  Her claim thus fails under Rule 12(b)(6).  *See, e.g.*, *Delbert v. Duncan*, 923 F. Supp. 2d 256, 261 (D.D.C. 2013) (dismissing Title VI claim where the complaint lacked any factual allegations linking the alleged adverse actions to the plaintiff's race, color, or national origin); *Dasisa v. District of Columbia Housing Auth.*, 2006 WL 949927, at *1 (D.D.C. Apr. 12, 2006) (dismissing Title VI claim where the plaintiff "provided no facts that even suggest that the decision was based on his [ ]race, color, or national origin").

Further, "[t]here is no individual liability under Title VI." *Delbert*, 923 F. Supp. 2d at 261. Each of the Individual Defendants should be dismissed from this claim for this separate, additional reason.

### e.      Count III – "Section 1981"

This Section of the United States Code states that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property." 42 U.S.C. § 1981(a).  To state a claim under Section 1981, a plaintiff must establish purposeful, racially discriminatory actions that affect at least one of the contractual aspects listed in § 1981(b), *i.e.*, "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  *Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 388-89 (1982).  Thus, Plaintiff must allege that Defendants intentionally discriminated against her on the basis of her race and that such discrimination affected a contractual relationship.  There are no allegations in the Complaint that would support such a finding.  While Plaintiff alleges she was employed by the school as a research assistant for Defendant Davis (Compl. ¶ 75), she does not allege that this purported employment relationship was affected by any alleged discriminatory conduct, let alone that Defendants intentionally discriminated against her.  As such, her Section 1981 claim fails.  *See, e.g.*, *Smith v. Epiq Glob. Bus. Transformation Sols., LLC*, 2024 WL 3682223, at *3 (W.D.N.C. Aug. 6, 2024) ("Plaintiff does not plead any *facts* suggesting her treatment or subsequent termination was driven by race, aside from the conclusory allegation 'Defendant's discrimination against Plaintiff and termination of her employment was motivated by her race (Black).' . . . As Plaintiff's Section 1981 claim does not plausibly allege but-for causation between Plaintiff's race and Defendant's decision to

terminate her, Plaintiff fails to state a claim upon which relief can be granted[.]") (emphasis added); *Luy v. Baltimore Police Dep't*, 326 F. Supp. 2d 682, 689 (D. Md. 2004), *aff'd*, 120 F. App'x 465 (4th Cir. 2005) ("Luy's conclusory allegations of race discrimination, devoid of any reference to actual events during his employment, are not sufficient to state a claim under . . . § 1981 for race discrimination.").

### f.   Count IV – "Fraud and Unjust Enrichment"

Plaintiff appears to base this claim on the following allegations: (1) the education she received while she was suspended was inadequate (because certain lectures were not recorded or the recording was lost or otherwise unavailable); (2) Defendants "edit[ed] and doctor[ed] their emails about the [Student Conduct Board] investigation;" and (3) Defendants "conspir[ed] with the Lento Law Firm to retain [Stacy] Forchetti" to represent Plaintiff at the Student Conduct Board hearing.[9]  (Compl. ¶¶ 151–52.)

Under Missouri law, the educational malpractice doctrine bars claims that "raise[] questions concerning the reasonableness of the educator's conduct in providing educational services" or that "require[] an analysis of the quality of education received." *Soueidan v. St. Louis Univ.*, 926 F.3d 1029, 1034 (8th Cir. 2019) (quoting *Dallas Airmotive, Inc. v. FlightSafety Int'l, Inc.*, 277 S.W.3d 696, 700 (Mo. Ct. App. 2008)).  Count IV is based solely on Defendants' conduct in the provision of educational services to Plaintiff, and is thus barred by the educational malpractice doctrine. *Id.*; *see also Lucero v. Curators of Univ. of Mo.*, 400 S.W.3d 1, 8 (Mo. Ct. App. 2013) ("Generally, courts have refrained from recognizing educational malpractice claims, either in tort or contract, on the premise that universities must be allowed the flexibility to manage

---

[9] Plaintiff was, apparently, not pleased with Ms. Forchetti's legal representation during the hearing.  (*See* Compl. ¶¶ 96, 111, 115–118, 139, 152.)

themselves and correct their own mistakes.") (internal quotations and alternations omitted); *Dallas Airmotive, Inc.*, 277 S.W.3d at 700 ("[C]ourts have refused to become the overseers of both the day-to-day operation of [the] educational process as well as the formulation of its governing policies.") (internal quotations and alternations omitted).

Plaintiff's fraud and unjust enrichment claim also fails because her vague and conclusory allegations simply do not meet any of the required elements of either claim. *See Dean v. Noble*, 477 S.W.3d 197, 204 (Mo. Ct. App. 2015) ("The nine essential elements of fraud are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury."); *Graves v. Berkowitz*, 15 S.W.3d 59, 61 (Mo. Ct. App. 2000) ("The essential elements of a *quasi contract* action of unjust enrichment are: (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance and retention of the benefit under such circumstances that it would be inequitable for defendant to retain the benefit without paying the value thereof."). Plaintiff does not allege she relied on any false representation made by any Defendant or that she conferred a benefit upon any Defendant, the acceptance and retention of which would be inequitable under the circumstances. Count IV should thus be dismissed for this additional reason.

### g.     Count V – "Intentional Infliction of Emotional Distress"

Under Missouri law, the alleged conduct in an intentional infliction of emotional distress (IIED) claim "must have been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Gillis v. Principia Corp.*, 111 F. Supp. 3d 978, 987 (E.D. Mo. 2015)

22

(citing *Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. banc 1997)).  "In Missouri, it is a rare occurrence when 'a defendant's conduct [is] sufficiently extreme and outrageous to warrant recovery." *Gillis v. Principia Corp.*, 832 F.3d 865, 875 (8th Cir. 2016) (citation omitted).

Plaintiff's allegations, which, at most, characterize a temporary suspension from campus while the Student Conduct Board was investigating complaints about her conduct, the subsequent revocation of her scholarship, and an attempt to collect unpaid tuition, do not meet the very high bar to state a claim for IIED under Missouri law.  *See, e.g.*, *Gillis*, 111 F. Supp. 3d at 981, 987 (college professor's openly hostile behavior, including repeatedly yelling at plaintiff "in an angry tone with harsh language; threaten[ing] her grade in his class when she asked questions about the nature of exam questions or exam formats; refus[ing] to assist her with methods to better learn the course material; openly mock[ing] her as a 'slow learner' when she confessed how hard and long she studied for an exam for which she received a poor grade; consistently talk[ing] over her; . . . excluding her name when listing or calling on students; slamming doors when leaving Plaintiff after yelling and becoming upset with her; telling Plaintiff she should withdraw from his class after Plaintiff asked for applied examples of theory referenced in his lectures; becoming agitated when Plaintiff asked for clarification about what was said that offended the instructor; and showing highly favorable behavior when speaking with other students immediately before or after speaking to Plaintiff" fell "well short of a level of extremity that could be said to exceed all possible bounds of decency and be regarded as atrocious and utterly intolerable"); *see also Gibson v. Hummel*, 688 S.W.2d 4, 7–8 (Mo. Ct. App. 1985) (collecting cases in which the facts pleaded did not meet the very high standard for an IIED claim).

Additionally, under Missouri law, an IIED claim requires the plaintiff to plead "'emotional distress or mental injury' which 'must be medically diagnosable and must be of sufficient severity

23

so as to be medically significant.'" *Childs v. Williams*, 825 S.W.2d 4, 10 (Mo. Ct. App. 1992) (quoting *Bass v. Nooney Co.*, 646 S.W.2d 765, 772–73 (Mo. banc 1982)).  Here, Plaintiff does not allege she suffered a medically diagnosable or medically significant injury, and therefore fails to state an IIED claim.  *See, e.g.*, *Saling v. Pelton,* 2023 WL 1765203, at *9 (E.D. Mo. Feb. 3, 2023) ("Plaintiff has not alleged that he experienced medically diagnosable emotional distress as a result of defendants' actions. As such, plaintiff's claims for intentional infliction of emotional distress are subject to dismissal.") (applying Missouri law).

Further, Plaintiff's IIED claim "raises questions concerning the reasonableness of [Defendants'] conduct in providing educational services," meaning it is barred by the educational malpractice doctrine, as described above.  *Soueidan*, 926 F.3d at 1034.

### h.      Count VI – "Negligence"

Plaintiff's negligence claim is based on Defendants' alleged breach of their duty to "protect Plaintiff from sexual predators and racial discrimination."  (Compl. ¶ 164.)  To state a claim for negligence under Missouri law, the plaintiff must allege "(1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; and (3) the defendant's breach was the proximate cause of the plaintiff's injury."  *Dilley v. Valentine*, 401 S.W.3d 544, 548 (Mo. Ct. App. 2013).  Thus, in order to state a claim for negligence, "a plaintiff must first establish that the defendant owed the plaintiff a duty of care . . ."  *M.B. v. Live Nation Worldwide, Inc.*, 661 S.W.3d 342, 349 (Mo. Ct. App. 2022).

While it is less than clear which Defendant Plaintiff claims owed her a duty to protect her "from sexual predators and racial discrimination" (let alone how that alleged duty was breached), Plaintiff's claim is fundamentally flawed for two reasons: (1) Plaintiff's claim fails to plead

24

sufficient facts to show the existence of a duty to protect her from racial discrimination[10] or a breach of that duty; and (2) Plaintiff's claim that Defendants failed to protect her from "sexual predators" fails because "[a] duty to protect against the criminal acts of third parties is generally not recognized because such activities are rarely foreseeable." *Id.* at 350 (citation omitted).  The Missouri Supreme Court recognizes two, limited exceptions to the rule against imposing liability based on criminal acts of third parties: the "special-relationship exception" and the "special-circumstance exception." *Id.*  The first exception "involves a special relationship between the parties, where one party is entrusted to the protection of another and relies on that party for safety." *Id.* (citation omitted).  That exception does not apply to any of the relationships between Plaintiff and Defendants here. *See Freeman v. Busch*, 349 F.3d 582, 587 (8th Cir. 2003) ("[S]ince the late 1970s, the general rule is that no special relationship exists between a college and its own students because a college is not an insurer of the safety of its students.") (collecting cases).  The second exception applies when the defendant "knows or has reason to know the third person is harming or about to harm an invitee on the business's premises." *M.B.*, 661 S.W.3d at 351.  Plaintiff does not, and cannot, allege that exception applies here either.  Because Plaintiff cannot allege the existence of a duty owed or identify how that alleged duty was breached,  her negligence claim fails as a matter of law.

### i.    Count VII – "Breach of Contract"

Plaintiff's breach of contract claim is based on WashU allegedly "suspending Plaintiff erroneously for 6 months, requiring Plaintiff to hire a lawyer, spending $15,000 to ensure that Plaintiff's rights would not be violated during the SCB Hearing, and then revoking her

---

[10] Moreover, Plaintiff's claim that Defendants failed to protect her from racial discrimination is duplicative of her Title VI, Title VII, and/or Section 1981 claims, which are barred for the reasons described above.

scholarship." (Compl. ¶ 166.)   The essential elements of a breach of contract action include: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff.  *Moore v. Armed Forces Bank, N.A.*, 534 S.W.3d 323, 327 (Mo. Ct. App. 2017). There are five essential elements to contract formation:  (1) competency of the parties to contract; (2) subject matter;  (3) legal consideration;  (4) mutual assent;  and  (5) mutuality of obligation. *Olathe Millwork Co. v. Dulin*, 189 S.W.3d 199, 203 (Mo. Ct. App. 2006).

Plaintiff fails to allege the existence of any contract that would prevent WashU from suspending her or from "requiring" her to retain a lawyer.  Further, to the extent Plaintiff claims WashU's alleged revocation of her scholarship constituted a breach of contract, documents merely informing a student of their selection for a scholarship do not create an enforceable contract absent mutual consideration and clear, complete terms governing the parties' obligations.  *See Muckle v. UNCF*, 930 F. Supp. 2d 1355, 1359 (N.D. Ga. 2012).  As in *Muckle*, Plaintiff attempts to assert a breach of contract claim on "various documents informing [her] of [her] selection to receive a . . . scholarship."  *Id.*  But Plaintiff has not alleged the existence of an enforceable contract.  *See Weinstein v. KLT Telecom, Inc.*, 225 S.W.3d 413, 415-16 (Mo. banc 2007) (noting one of the "general principles of contract law that consideration must be measured at the time the parties enter into their contract").  Nor has she identified any terms in the scholarship award letter that would restrict WashU's ability to suspend students or revoke scholarships.  Indeed, the only term Plaintiff identifies—the requirement to maintain full-time status—appears to be a condition Plaintiff needed to meet rather than a limitation on WashU's authority to take disciplinary action or modify scholarship awards.  Without allegations establishing the existence of contractual provisions that would prohibit the conduct she challenges, Plaintiff's claim necessarily fails.

###### j.    Count VIII – "Defamation"

Plaintiff claims that "Defendant" (without specifying which defendant) "has engaged in a pattern of spreading false and defamatory statements concerning Plaintiff[.]"  (Compl. ¶ 170.) Plaintiff does not, however, specifically identify these allegedly defamatory statements.  To satisfy federal pleading standards, a plaintiff must "alleged specific defamatory comments by pleading the time, place, content, speaker, and listener of the alleged defamatory matter."  *Caudle v. Thomason*, 942 F. Supp. 635, 638 (D.D.C. 1996) (citation modified); *see also Deripaska v. Associated Press*, 282 F. Supp. 3d 133, 149 (D.D.C. 2017) (dismissing defamation claim where the complaint "fail[ed] to identify any single statement as false that is both capable of verification and capable of defamatory meaning").  Plaintiff's allegations are deficient.  She never pleads the content of the alleged defamatory statements.  Without allegations regarding the statements themselves, Defendants cannot engage with the claim on its merits—for example, by moving to dismiss because the alleged statements are unactionable opinion or simply true.  Because she has failed to specifically describe the content of the alleged defamatory statements, Plaintiff's allegations cannot plausibly support an actionable defamation claim.  *Id.*; *see also Mo. Church of Scientology v. Adams*, 543 S.W.2d 776, 777 (Mo. banc 1976) (holding that plaintiff must plead the specific words claimed to be defamatory).

###### k.    Count IX – "18 U.S.C. 241 – Conspiracy Against Rights"

Plaintiff purports to bring a claim under the federal criminal statute prohibiting conspiracies against rights.  *See* 18 U.S.C. § 241.  This statute, however, is criminal in nature and, therefore, "there is no private right of action" under this criminal statute.  *Davis v. Sarles*, 134 F. Supp. 3d 223, 228 (D.D.C. 2015).  Therefore, this claim must be dismissed.

### l.    Count X – "Abuse of Process"

"The essence of a claim for abuse of process is the use of process for some collateral purpose. A plaintiff who brings an abuse of process claim must establish (1) an illegal, improper, perverted use of process, (2) done for an improper purpose, (3) resulting in damage." *Impey v. Clithero*, 553 S.W.3d 344, 349 (Mo. Ct. App. 2018) (citations and internal quotation marks omitted). Such a claim requires the "use of a *legal* claim to accomplish some end not envisioned by the *legal* process used." *Trs. of Clayton Terrace Subdivision v. 6 Clayton Terrace, LLC*, 585 S.W.3d 269, 278 (Mo. banc 2019) (emphasis supplied). Plaintiff does not allege misuse of any legal process. Instead, her claim involves the use of WashU's private disciplinary procedures. Specifically, Plaintiff alleges that "Defendant Law School and her agents had a duty to ensure that Defendant Walsh would not pursue malicious abuse of process against Plaintiff. Defendant Law School breached this duty when they allowed Defendant Walsh to utilize their bureaucratic instrumentalities to get Plaintiff expelled from law school." (Compl. ¶ 176.) These procedures cannot plausibly be interpreted as referring to the criminal or civil process issued by a court. *See* 1 Am. Jur. 2d *Abuse of Process* § 2, Westlaw (last updated May 2026) ("In order to maintain an action for abuse of process, there must have been an issuance of legal or judicial process."). Plaintiff's allegations of abuse of process based on the initiation of an investigation under the Student Conduct Code does not meet this requirement.

### m.    Count XI – "Amendment V and XIV of the US Constitution"

Plaintiff alleges that as "private actors that receive federal funding, Defendant Law School and their agents are subject to the 14th Amendment." (Compl. ¶ 178.) She claims that by "committing . . . acts of discrimination and retaliation against Plaintiff based on her race, sex and complaints of racial and sex discrimination, Plaintiff has been deprived of her rights under Amendment XIV." (*Id.*)

This claim fails for several reasons.  First, "[i]n order to trigger the Due Process Clause of the Fourteenth Amendment, or a comparable federal action to invoke the Fifth Amendment, there must be a 'state action.'"  *Price v. Auto. Fin. Corp.*, 2026 WL 686150, at *7 (D.D.C. Mar. 11, 2026) (quoting *Simms v. District of Columbia*, 699 F. Supp. 2d 217, 224 (D.D.C. 2010); *see also United States v. Morrison*, 529 U.S. 598, 621 (2000) (explaining the "time-honored principle that the Fourteenth Amendment, by its very terms, prohibits only state action").  Plaintiff has not, and cannot, allege that any defendant acted under color of state law.  *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982) (holding that private school did not engage in state action despite receipt of public funds and high degree of state regulation); *Slovinec v. DePaul Univ.*, 332 F.3d 1068, 1069 (7th Cir. 2003) (per curiam) ("DePaul is a private university, so Slovinec cannot use 42 U.S.C. § 1983 [to pursue constitutional claims]").  Second, and relatedly, the Fourteenth Amendment provides no shield against private conduct, no matter how "discriminatory or wrongful."  *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 453 (1974); *see also Nat'l Coll. Athl. Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988) ("As a general matter the protections of the Fourteenth Amendment do not extend to private conduct abridging individual rights.").  Accordingly, Fourteenth Amendment claims cannot be brought against private universities and individuals like Defendants here.  *See, e.g.*, *McClean v. Duke Univ.*, 376 F. Supp. 3d 585 (M.D.N.C. 2019); *George v. Averett Univ. of Danville*, 2019 WL 3310517, at *2 (W.D. Va. July 23, 2019); *Parlante v. Liberty Univ.*, 2022 WL 1498113, at *3 (W.D. Va. May 11, 2022).

## CONCLUSION

The Court does not have personal jurisdiction over WashU or any of the Individual Defendants.  Even if personal jurisdiction existed, the District of Columbia is not a proper venue.  And despite its substantial length and Plaintiff's exhaustive efforts, the Complaint fails to state a

29

claim for relief against any Defendant. The Court should dismiss the Complaint for lack of personal jurisdiction or for improper venue or, in the alternative, failure to state a claim.

Dated: June 8, 2026                              Respectfully submitted,

                                        By: */s/ Sona Rewari*
                                             Sona Rewari (D.C. Bar No. 1047102)
                                             **HUNTON ANDREWS KURTH LLP**
                                             2200 Pennsylvania Avenue, NW
                                             Washington, DC 20037
                                             Telephone: (202) 955-1974
                                             Facsimile: (703) 918-4018
                                             srewari@hunton.com

                                             Winthrop B. Reed III, *pro hac vice forthcoming*
                                             (Mo. Bar #42840)
                                             Benjamin M. Farley, *pro hac vice forthcoming*
                                             (Mo. Bar #69073)
                                             Lindsey M. Bruno, *pro hac vice forthcoming*
                                             (Mo. Bar #73055)
                                             **LEWIS RICE LLC**
                                             600 Washington Avenue, Suite 2500
                                             St. Louis, Missouri 63101
                                             Telephone:  (314) 444-7617
                                             Facsimile:  (314) 612-7617
                                             wreed@lewisrice.com
                                             bfarley@lewisrice.com
                                             lbruno@lewisrice.com

                                             ***Attorneys for Defendants***

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ALLISON BROWN,                          )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )        Case No. 1:26-cv-01143
                                        )
WASHINGTON UNIVERSITY, et al.,          )
                                        )
        Defendants.                     )

**<u>DECLARATION OF ADRIENNE DAVIS</u>**

The undersigned declares and states as follows:

1.      My name is Adrienne Davis.  I am over twenty-one years of age, have personal knowledge of all statements made herein, and am fully competent to provide testimony about the same.

2.      From 2008 until the present, I have been a member of the faculty at Washington University in St. Louis School of Law.

3.      Since 2008, I have been a citizen and domiciliary of Missouri, where I intend to remain indefinitely.

4.      I do not conduct business or engage in business activities in the District of Columbia.

5.      I do not own property or pay taxes in the District of Columbia.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on __June____ __2.___, 2026        _____
                                            DocuSigned by:
                                            *adrienne Davis*
                                            730511FE14DD406...

**Exhibit**

**1**

**docusign.**

## Certificate Of Completion

| | | |
|---|---|---|
| Envelope Id: 69B124B9-A588-8E22-83C5-E03E0D54BE6E | | Status: Completed |
| Subject: Complete with Docusign: Brown v. Washington University - Declaration of A. Davis.2.docx | | |
| Source Envelope: | | |
| Document Pages: 1 | Signatures: 1 | Envelope Originator: |
| Certificate Pages: 5 | Initials: 0 | Jennifer Vaeth |
| AutoNav: Enabled | | 1 Brookings Drive |
| EnvelopeId Stamping: Disabled | | St. Louis, MO  63130 |
| Time Zone: (UTC-06:00) Central Time (US & Canada) | | jenvaeth@wustl.edu |
| | | IP Address: 2600:100a:a111: |

## Record Tracking

| | | |
|---|---|---|
| Status: Original | Holder: Jennifer Vaeth | Location: DocuSign |
|     5/29/2026 9:07:05 AM |     jenvaeth@wustl.edu | |

| Signer Events | Signature | Timestamp |
|---|---|---|
| Adrienne Davis | DocuSigned by: *Adrienne Davis* 730511FE14DD406... | Sent: 5/29/2026 9:11:23 AM |
| adriennedavis@wustl.edu | | Viewed: 6/2/2026 12:17:14 PM |
| Vice Provost | | Signed: 6/2/2026 12:44:20 PM |
| Security Level: Email, Account Authentication (Optional), Login with SSO | Signature Adoption: Pre-selected Style | |
| | Using IP Address: 12.51.135.10 | |
| **Electronic Record and Signature Disclosure:** | | |
|     Accepted: 6/2/2026 12:17:14 PM | | |
|     ID: 8a17b3ff-02bf-494f-aade-10d68bdb99bc | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| Lisa Wood | COPIED | Sent: 5/29/2026 9:11:24 AM |
| wood_esq@wustl.edu | | |
| Security Level: Email, Account Authentication (Optional) | | |
| **Electronic Record and Signature Disclosure:** | | |
|     Not Offered via Docusign | | |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 5/29/2026 9:11:24 AM |
| Certified Delivered | Security Checked | 6/2/2026 12:17:14 PM |
| Signing Complete | Security Checked | 6/2/2026 12:44:20 PM |
| Completed | Security Checked | 6/2/2026 12:44:20 PM |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

Electronic Record and Signature Disclosure created on: 6/4/2020 8:32:48 PM
Parties agreed to: Adrienne Davis

**ELECTRONIC RECORD AND SIGNATURE DISCLOSURE**

From time to time, Washington University at St. Louis OBO Internet 2 (we, us or Company) may be required by law to provide to you certain written notices or disclosures. Described below are the terms and conditions for providing to you such notices and disclosures electronically through the DocuSign system. Please read the information below carefully and thoroughly, and if you can access this information electronically to your satisfaction and agree to this Electronic Record and Signature Disclosure (ERSD), please confirm your agreement by selecting the check-box next to 'I agree to use electronic records and signatures' before clicking 'CONTINUE' within the DocuSign system.

**Getting paper copies**

At any time, you may request from us a paper copy of any record provided or made available electronically to you by us. You will have the ability to download and print documents we send to you through the DocuSign system during and immediately after the signing session and, if you elect to create a DocuSign account, you may access the documents for a limited period of time (usually 30 days) after such documents are first sent to you. After such time, if you wish for us to send you paper copies of any such documents from our office to you, you will be charged a $0.00 per-page fee. You may request delivery of such paper copies from us by following the procedure described below.

**Withdrawing your consent**

If you decide to receive notices and disclosures from us electronically, you may at any time change your mind and tell us that thereafter you want to receive required notices and disclosures only in paper format. How you must inform us of your decision to receive future notices and disclosure in paper format and withdraw your consent to receive notices and disclosures electronically is described below.

**Consequences of changing your mind**

If you elect to receive required notices and disclosures only in paper format, it will slow the speed at which we can complete certain steps in transactions with you and delivering services to you because we will need first to send the required notices or disclosures to you in paper format, and then wait until we receive back from you your acknowledgment of your receipt of such paper notices or disclosures. Further, you will no longer be able to use the DocuSign system to receive required notices and consents electronically from us or to sign electronically documents from us.

**All notices and disclosures will be sent to you electronically**

Unless you tell us otherwise in accordance with the procedures described herein, we will provide electronically to you through the DocuSign system all required notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you during the course of our relationship with you. To reduce the chance of you inadvertently not receiving any notice or disclosure, we prefer to provide all of the required notices and disclosures to you by the same method and to the same address that you have given us. Thus, you can receive all the disclosures and notices electronically or in paper format through the paper mail delivery system. If you do not agree with this process, please let us know as described below. Please also see the paragraph immediately above that describes the consequences of your electing not to receive delivery of the notices and disclosures electronically from us.

**How to contact Washington University at St. Louis OBO Internet 2:**

You may contact us to let us know of your changes as to how we may contact you electronically, to request paper copies of certain information from us, and to withdraw your prior consent to receive notices and disclosures electronically as follows:
To contact us by email send messages to: IThelp@wustl.edu

**To advise Washington University at St. Louis OBO Internet 2 of your new email address**

To let us know of a change in your email address where we should send notices and disclosures electronically to you, you must send an email message to us at IThelp@wustl.edu and in the body of such request you must state: your previous email address, your new email address.  We do not require any other information from you to change your email address.

If you created a DocuSign account, you may update it with your new email address through your account preferences.

**To request paper copies from Washington University at St. Louis OBO Internet 2**

To request delivery from us of paper copies of the notices and disclosures previously provided by us to you electronically, you must send us an email to IThelp@wustl.edu and in the body of such request you must state your email address, full name, mailing address, and telephone number. We will bill you for any fees at that time, if any.

**To withdraw your consent with Washington University at St. Louis OBO Internet 2**

To inform us that you no longer wish to receive future notices and disclosures in electronic format you may:

i. decline to sign a document from within your signing session, and on the subsequent page, select the check-box indicating you wish to withdraw your consent, or you may;

ii. send us an email to IThelp@wustl.edu and in the body of such request you must state your email, full name, mailing address, and telephone number. We do not need any other information from you to withdraw consent.. The consequences of your withdrawing consent for online documents will be that transactions may take a longer time to process..

**Required hardware and software**

The minimum system requirements for using the DocuSign system may change over time. The current system requirements are found here: https://support.docusign.com/guides/signer-guide-signing-system-requirements.

**Acknowledging your access and consent to receive and sign documents electronically**

To confirm to us that you can access this information electronically, which will be similar to other electronic notices and disclosures that we will provide to you, please confirm that you have read this ERSD, and (i) that you are able to print on paper or electronically save this ERSD for your future reference and access; or (ii) that you are able to email this ERSD to an email address where you will be able to print on paper or save it for your future reference and access. Further, if you consent to receiving notices and disclosures exclusively in electronic format as described herein, then select the check-box next to 'I agree to use electronic records and signatures' before clicking 'CONTINUE' within the DocuSign system.

By selecting the check-box next to 'I agree to use electronic records and signatures', you confirm that:

- You can access and read this Electronic Record and Signature Disclosure; and
- You can print on paper this Electronic Record and Signature Disclosure, or save or send this Electronic Record and Disclosure to a location where you can print it, for future reference and access; and
- Until or unless you notify Washington University at St. Louis OBO Internet 2 as described above, you consent to receive exclusively through electronic means all notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you by Washington University at St. Louis OBO Internet 2 during the course of your relationship with Washington University at St. Louis OBO Internet 2.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ALLISON BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-01143 |
| | ) | |
| WASHINGTON UNIVERSITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>DECLARATION OF ANGELA SMITH</u>

The undersigned declares and states as follows:

1.      My name is Angela Smith.  I am over twenty-one years of age, have personal knowledge of all statements made herein, and am fully competent to provide testimony about the same.

2.      I am the Assistant Dean of Diversity, Equity & Inclusion at Washington University in St. Louis School of Law.

3.      At all times relevant to the Complaint in the above-referenced cause of action, including from February 2021 to the present, I have been a citizen and domiciliary of Missouri, where I intend to remain indefinitely.

4.      I do not conduct business or engage in business activities in the District of Columbia.

5.      I do not own property or pay taxes in the District of Columbia.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on __June 2_____ ___, 2026          ___*Angela Smith*_____

**Exhibit**

**2**

exhibitsticker.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALLISON BROWN,                              )
                                            )
            Plaintiff,                      )
                                            )
v.                                          )        Case No. 1:26-cv-01143
                                            )
WASHINGTON UNIVERSITY, et al.,              )
                                            )
            Defendants.                     )

## DECLARATION OF CARRIE BURNS

The undersigned declares and states as follows:

1.      My name is Carrie Burns.  I am over twenty-one years of age, have personal knowledge of all statements made herein, and am fully competent to provide testimony about the same.

2.      I am the Director of Financial Aid and Student Life at Washington University in St. Louis School of Law.

3.      At all times relevant to the Complaint in the above-referenced cause of action, including from February 2021 to the present, I have been a citizen and domiciliary of Missouri, where I intend to remain indefinitely.

4.      I do not conduct business or engage in business activities in the District of Columbia.

5.      I do not own property or pay taxes in the District of Columbia.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___MAY___ __28__, 2026        _____Carrie Burns_____

**Exhibit**

**3**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ALLISON BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-01143 |
| | ) | |
| WASHINGTON UNIVERSITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>DECLARATION OF DARRELL HUDSON</u>**

The undersigned declares and states as follows:

1.      My name is Darrell Hudson.  I am over twenty-one years of age, have personal knowledge of all statements made herein, and am fully competent to provide testimony about the same.

2.      From 2011 to April 30, 2026, I held various academic appointments at the Brown School at Washington University in St. Louis.

3.      From 2011 until 2024, I was a citizen and domiciliary of Missouri, where I intended to remain indefinitely until I was offered a position as Professor and Chair of the Department of Health Behavior and Health Equity at the University of Michigan, which I accepted.

4.      Since 2024, I have been a citizen and domiciliary of Michigan, where I intend to remain indefinitely.

5.      I do not conduct business or engage in business activities in the District of Columbia.

6.      I do not own property or pay taxes in the District of Columbia.

**Exhibit**

**4**

exhibitsticker.com

2

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on __May 29_____ ___, 2026                *Darrell Hudson*

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ALLISON BROWN,                                    )
                                                  )
      Plaintiff,                            )
                                                  )
v.                                                )    Case No. 1:26-cv-01143
                                                  )
WASHINGTON UNIVERSITY, et al.,                    )
                                                  )
      Defendants.                           )

### DECLARATION OF DEANNA WENDLER-MODDE

The undersigned declares and states as follows:

1.    My name is Deanna Wendler-Modde.  I am over twenty-one years of age, have personal knowledge of all statements made herein, and am fully competent to provide testimony about the same.

2.    I am an Assistant Vice Chancellor and Associate General Counsel at Washington University.

3.    At all times relevant to the Complaint in the above-referenced cause of action, including from February 2021 to the present, I have been a citizen and domiciliary of Missouri, where I intend to remain indefinitely.

4.    I do not conduct business or engage in business activities in the District of Columbia.

5.    I do not own property or pay taxes in the District of Columbia.

6.    In my role as Associate General Counsel, I am familiar with Washington University's corporate information.

**Exhibit**

**5**

7.      Washington University, also known as Washington University in St. Louis, is a benevolent organization incorporated and chartered under the laws of Missouri with its principal place of business located in St. Louis, Missouri.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ May 28 _____, 2026

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALLISON BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:26-cv-01143 |
| ) | |
| WASHINGTON UNIVERSITY, et al., ) | |
| ) | |
| Defendants. ) | |

## <u>DECLARATION OF ELIZABETH KATZ</u>

The undersigned declares and states as follows:

1.      My name is Elizabeth Katz.  I am over twenty-one years of age, have personal knowledge of all statements made herein, and am fully competent to provide testimony about the same.

2.      From 2019 to 2023, I was Associate Professor of Law at Washington University in St. Louis School of Law.

3.      From 2019 to 2023, I was a citizen and domiciliary of Missouri, where I intended to remain indefinitely. However, during this period of time, I lived briefly in Illinois while teaching at Northwestern University in Fall 2022 and Massachusetts while teaching at Boston College in Spring 2023 and Harvard University in Fall 2023.

4.       I joined the faculty at the University of Florida Levin College of Law as a Professor of Law in Summer 2023.

5.      Since 2024, I have been a citizen and domiciliary of Florida, where I intend to remain indefinitely.

6.      I do not conduct business or engage in business activities in the District of Columbia.

**Exhibit**

**6**

7.      I do not own property or pay taxes in District of Columbia.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

*Elizabeth Katz*

Executed on May, 28 2026                    _____

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ALLISON BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-01143 |
| | ) | |
| WASHINGTON UNIVERSITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF ELIZABETH WALSH**

The undersigned declares and states as follows:

1.      My name is Elizabeth Walsh.  I am over twenty-one years of age, have personal knowledge of all statements made herein, and am fully competent to provide testimony about the same.

2.      I am the Associate Dean for Student Life at Washington University in St. Louis School of Law.

3.      At all times relevant to the Complaint in the above-referenced cause of action, including from February 2021 to the present, I have been a citizen and domiciliary of Missouri, where I intend to remain indefinitely.

4.      I do not conduct business or engage in business activities in the District of Columbia.

5.      I do not own property or pay taxes in the District of Columbia.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___May 29, 2026___

_____

**Exhibit**

**7**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ALLISON BROWN,                              )
                                            )
        Plaintiff,                     )
                                            )
v.                                          )    Case No. 1:26-cv-01143
                                            )
WASHINGTON UNIVERSITY, et al.,              )
                                            )
        Defendants.                    )

### <u>DECLARATION OF MARK KAMIMURA-JIMÉNEZ</u>

The undersigned declares and states as follows:

1.      My name is Mark Kamimura-Jiménez.  I am over twenty-one years of age, have personal knowledge of all statements made herein, and am fully competent to provide testimony about the same.

2.      I am the Associate Vice Chancellor for Student Affairs at Washington University in St. Louis.

3.      At all times relevant to the Complaint in the above-referenced cause of action, including from February 2021 to the present, I have been a citizen and domiciliary of Missouri, where I intend to remain indefinitely.

4.      I do not conduct business or engage in business activities in the District of Columbia.

5.      I do not own property or pay taxes in the District of Columbia.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____June  2  , 2026

**Exhibit**

**8**

exhibitsticker.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ALLISON BROWN,                                )
                                              )
                Plaintiff,                    )
                                              )
v.                                            )          Case No. 1:26-cv-01143
                                              )
WASHINGTON UNIVERSITY, et al.,                )
                                              )
                Defendants.                   )

## DECLARATION OF NICOLE GORE

The undersigned declares and states as follows:

1.     My name is Nicole Gore.  I am over twenty-one years of age, have personal knowledge of all statements made herein, and am fully competent to provide testimony about the same.

2.     I am the Associate Dean for Student Conduct and Community Standards at Washington University in St. Louis.

3.     At all times relevant to the Complaint in the above-referenced cause of action, including from February 2021 to the present, I have been a citizen and domiciliary of Missouri, where I intend to remain indefinitely.

4.     I do not conduct business or engage in business activities in the District of Columbia.

5.     I do not own property or pay taxes in the District of Columbia.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____June 2____, 2026        _____

**Exhibit**

**9**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ALLISON BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-01143 |
| | ) | |
| WASHINGTON UNIVERSITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF PEGGIE SMITH**

The undersigned declares and states as follows:

1.      My name is Peggie Smith.  I am over twenty-one years of age, have personal knowledge of all statements made herein, and am fully competent to provide testimony about the same.

2.      From 2010 until the present, I have been a member of the faculty at Washington University in St. Louis School of Law.

3.      Since 2010, I have been a citizen and domiciliary of Missouri, where I intend to remain indefinitely.

4.      I do not conduct business or engage in business activities in the District of Columbia.

5.      I do not own property or pay taxes in the District of Columbia.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on *June 1*, 2026                      _____

**Exhibit**

**10**

exhibitsticker.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ALLISON BROWN,                                    )
                                                 )
        Plaintiff,                               )
                                                 )
v.                                               )    Case No. 1:26-cv-01143
                                                 )
WASHINGTON UNIVERSITY, et al.,                    )
                                                 )
        Defendants.                              )

## DECLARATION OF RUSSELL OSGOOD

The undersigned declares and states as follows:

1.      My name is Russell Osgood. I am over twenty-one years of age, have personal knowledge of all statements made herein, and am fully competent to provide testimony about the same.

2.      From 2010 until the present, I have been a member of the faculty at Washington University in St. Louis School of Law.

3.      Since 2010, I have been a citizen and domiciliary of Missouri and/or Massachusetts, where I have residences and intend to remain indefinitely.

4.      I do not conduct business or engage in business activities in the District of Columbia.

5.      I do not own property or pay taxes in the District of Columbia.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____, 2026

_____

Exhibit

11

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ALLISON BROWN,                                    )
                                                  )
        Plaintiff,                        )
                                                  )
v.                                                )     Case No. 1:26-cv-01143
                                                  )
WASHINGTON UNIVERSITY, et al.,                    )
                                                  )
        Defendants.                       )

## DECLARATION OF ROB WILD

The undersigned declares and states as follows:

1.    My name is Rob Wild. I am over twenty-one years of age, have personal knowledge of all statements made herein, and am fully competent to provide testimony about the same.

2.    I am the Associate Vice Chancellor and Dean of Students at Washington University in St. Louis.

3.    At all times relevant to the Complaint in the above-referenced cause of action, including from February 2021 to the present, I have been a citizen and domiciliary of Missouri, where I intend to remain indefinitely.

4.    I do not conduct business or engage in business activities in the District of Columbia.

5.    I do not own property or pay taxes in the District of Columbia.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on _May  28_, 2026       _____

**Exhibit**

**12**