**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **ALLISON BROWN**, |
| Plaintiff, |
| v. |
| **WASHINGTON UNIVERSITY**, *et al.*, |
| Defendants. |

Case No. 26-cv-1143 (CRC)

## ORDER

This matter is before the Court on Defendants' Motion to Dismiss under Rules 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure.  Because consideration of this motion could result in dismissal of the case, Plaintiff, proceeding *pro se*, is advised that under the Federal Rules of Civil Procedure and the local rules of this Court, the Court may grant the pending motion and dismiss the case if Plaintiff fails to respond within the time provided.

In Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988), the Court of Appeals held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion.  "That notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case."  Id. at 509.  In addition, the Court's local rules concerning dispositive motions state: "Within 14 days of the date of service or as such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion," or "the Court may treat the motion as conceded."  Local Civil Rule 7(b).  Furthermore, "when a [party] files an opposition to a dispositive motion and addresses only certain arguments raised by the [movant], a court may treat those arguments that the [party] failed to address as conceded."  Hopkins v. Women's Div., General Bd. of Global Ministries, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) (citing FDIC v. Bender, 127 F.3d

58, 67–68 (D.C. Cir. 1997)) (other citation omitted), aff'd, 98 F. App'x 8 (D.C. Cir. 2004).

Because consideration of any attachments that a Defendant might include with its motion to dismiss could require the Court to treat the motion as one for summary judgment, see Fed. R. Civ. P. 12(d), Plaintiff is further advised of the following.  On a motion for summary judgment, "any factual assertion in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion."  Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992) (quoting Lewis v. Faulkner, 689 F.2d 100, 102 (7th Cir. 1982)).  The court specified that the "text of Rule 56(e) should be part of the notice" issued to the *pro se* litigant.  Id.  Accordingly, Rule 56(e) of the Federal Rules of Civil Procedure provides:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).  Rule 56(c) provides:

> (1) Supporting Factual Positions.  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:  (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) Objection That a Fact Is Not Supported by Admissible Evidence.  A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3) Materials Not Cited.  The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) Affidavits or Declarations.  An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set

out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c).  Thus, parties such as Plaintiff, who are on the opposing side of a motion for summary judgment must rebut the moving party's affidavits with evidence, such as other affidavits or sworn statements; mere statements that the moving party's affidavits are inaccurate or incorrect are not sufficient.  For these purposes, a verified complaint may serve as an affidavit.  See Neal, 963 F.2d at 457–58.

It is hereby

**ORDERED** that Plaintiff shall respond to Defendants' [6] Motion to Dismiss by **June 29, 2026**.  If Plaintiff does not file a response within the time provided, the Court will treat the motion as conceded and may summarily dismiss the case.

**SO ORDERED**.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date: June 11, 2026

3