**IN THE DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ALLISON BROWN**, | ) | |
| PLAINTIFF, | ) | |
| v. | ) | Case No. 26-cv-1143 CRC |
| | ) | |
| **THE WASHINGTON UNIVERSITY** | ) | |
| Et al., | ) | |
| DEFENDANTS. | ) | |
| | ) | |

**MOTION FOR JURISDICTIONAL DISCOVERY**

Under Federal Rule of Civil Procedure 26(d)(1), jurisdictional discovery allows a judge to authorize early discovery before the standard Rule 26(f) conference. Plaintiff respectfully requests the Court to grant her request for jurisdictional discovery.

At some point beyond June 1st, 2026, Defendants Washington University et al. have had disabled Plaintiff's Washington University e-mail (allison.brown@wustl.edu) accounts which contained hundreds of e-mails and documents regarding Defendant Washington University's conduct in Washington D.C., including but not limited to Defendants' breach of contract, Defendants' consortium agreement pertaining to Plaintiff's matriculation at GULC, and Defendants' interference with Plaintiff's contracts, clerkships, and employment opportunities. Plaintiff would have attached aforementioned documentation to her Complaint, but the documents have vanished from Plaintiff's grasp overnight. (Exhibit A)

Plaintiff applied and was one of the final two candidates in the running for the prestigious GULC Street Law Fellowship in Washington D.C. because of 1) WashU and Defendant Walsh's

interference with her law school grades, and 2) WashU and Defendant Walsh's failure to transmit course recordings. These e-mails must be recovered to demonstrate Defendants' interference in Plaintiff's attempts to secure employment with Washington D.C. based employers, including but not limited to those opportunities at the GULC Street Law Fellowship, the National Center of Youth Law, the Permanent Forum for People of African Descent, and the D.C. Office of Human Rights due to Defendants' transmission of harmful and untrue statements regarding Plaintiff's professionalism, "aggressiveness", "ghetto-nature" and fitness to practice law.

Additionally, the Department of Education in Washington D.C. contacted Defendants WashU, Osgood, Walsh, and Burns concerning WashU's breach of the consortium agreement and failure to honor the $37,000 scholarship. Plaintiff requests jurisdictional discovery regarding the same. The Department of Education in Washington D.C. told Plaintiff that they directed Defendants WashU, Osgood, Burns, and Walsh to remit payment to GULC, and allow Plaintiff to register for classes. As Plaintiff did not ever receive confirmation that Defendant WashU paid GULC on her behalf pursuant to the consortium agreement, Plaintiff requests additional jurisdictional discovery regarding the same.

In addition, Plaintiff requests jurisdictional discovery to further establish that Defendants acted under the color of law in contacting the D.C. Metropolitan Police Department threatening Plaintiff with arrest in connection with her retaliatory suspension from November 2022 to the present, and for Defendants to be charged in both their individual and official capacity with respect to their retaliatory actions against Plaintiff.

Defendants WashU, Osgood, Burns, and Walsh stole the entire $30,000 Plaintiff borrowed in federal FAFSA student loans for living expenses while attending GULC in Washington D.C., leaving Plaintiff no federal student loan funds for living expenses during her

third year of law school. Because Defendants' theft of Plaintiff's FAFSA student loans cause was the but-for cause of Plaintiff's resignation from the D.C. Office of Human Rights to work for a solo-practitioner and immigration lawyer to pay for living expenses, and Defendants were found interfering with Plaintiff's career trajectory yet again, Plaintiff requests jurisdictional discovery regarding the same.

Plaintiff also requests jurisdictional discovery to determine whether Defendants acted under the color of law in contacting the D.C. Metropolitan Police Department regarding Defendants' threats to Plaintiff of arrest and detention in connection with her retaliatory suspension from November 2022 to the present. (Exhibit P and Exhibit R of the Amended Complaint, ECF 11.)

Further, because Defendants have disabled Plaintiff's WashU e-mail despite Plaintiff graduating in good-standing from Defendant WashU, Plaintiff can no longer access several documents to assert jurisdiction in Washington D.C. over Defendants. Plaintiff requests for the Court to force Defendants to grant her access to her e-mail account (Allison.brown@wustl.edu).

Defendant WashU, as a general practice (like most top universities like Georgetown University and University of Michigan) keeps alumni e-mail accounts open. Yet, Defendants have disabled Plaintiff's WashULaw email account in retaliation for filing this complaint and initiating this action, a continuation of their pattern of race and/or sex discrimination and retaliation since her matriculation.

Plaintiff respectfully requests jurisdictional discovery to undergird her claims of personal jurisdiction, race and/or sex discrimination and retaliation in Washington D.C.

Respectfully submitted,

Allison Brown, Esq.

DC Bar #: 90045586

**<u>Exhibit A</u>**



Plaintiff's e-mail account is disabled.