**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ALLISON BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-01143 |
| | ) | |
| WASHINGTON UNIVERSITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S**
**MOTION FOR JURISDICTIONAL DISCOVERY**

Having already amended her Complaint once in the face of Defendants' motion to dismiss, Plaintiff Allison Brown ("Plaintiff") now asks this Court to open discovery before Defendants have answered, before any Rule 26(f) conference, and before she has alleged a single fact connecting Defendants to this forum.  (ECF No. 12, at 1.) Though she labels it a motion for "jurisdictional discovery," Plaintiff does not identify one jurisdictional allegation that such preliminary, expedited discovery might confirm.  And the discovery Plaintiff seeks—records about her law-school grades, her job applications, a disputed scholarship, her federal student loans, and a suspension—all pertain to the *merits* of her claims. (*Id.* at 2-3.)

Jurisdictional discovery is justified only where a plaintiff shows a good-faith belief that specific, reasonable discovery will supplement existing jurisdictional allegations; it cannot be a "fishing expedition."  *See Lewis v. Mutond*, 62 F.4th 587, 595-96 (D.C. Cir. 2023)**;** *Williams v. Romarm, SA*, 756 F.3d 777, 786 (D.C. Cir. 2014)**.**  And Rule 26(d)(1) allows expedited merits discovery only where reasonableness standards are met.  *See Attkisson v. Holder*, 113 F. Supp. 3d 156, 161-65 (D.D.C. 2015); *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 98-99 (D.D.C. 2014). The

Motion does not meet the standards for either jurisdictional discovery or expedited merits discovery. It should be denied in its entirety.

**<u>BACKGROUND</u>**

Plaintiff, a licensed attorney appearing *pro se*,[1] filed this action on April 1, 2026, against thirteen Defendants: Washington University and twelve of its current and former employees ("Defendants").[2] (*See* ECF No. 1.) After Defendants moved to dismiss the complaint—including on the grounds of lack of personal jurisdiction—Plaintiff asked for leave to amend. (*See* ECF No. 7.) On the last day allowed, she filed her First Amended Complaint.[3] (*See* ECF No. 11.) That same day, she also moved for "jurisdictional discovery," in advance of the Rule 26(f) conference (the "Motion"). (ECF No. 12, at 1.)

In her Motion, Plaintiff seeks five broad categories of information ostensibly "to undergird her claims of personal jurisdiction, race and/or sex discrimination and retaliation in Washington D.C." (*Id.* at 3.) First, Plaintiff asks the Court to "force Defendants to grant her access" to her Washington University email account, allison.brown@wustl.edu, which Plaintiff claims Washington University disabled sometime after Plaintiff originally filed this action. (*Id.* at 1, 3.) Second, she seeks discovery into Defendants' alleged interference with her grades, clerkships, and employment opportunities. (*Id.* at 2.) Third, she seeks discovery regarding an alleged breach of a

---

[1] The D.C. Court of Appeals has made it clear that the customary "pleading leniency" and "liberal construction" normally granted to unrepresented litigants need not apply to licensed attorneys representing themselves. *Spence v. U.S. Dep't of Veterans Affs.,* 109 F.4th 531, 538 (D.C. Cir. 2024). "Trained lawyers are generally not unsophisticated litigants in need of special protections." *Id*. at 536.

[2] Those individual Defendants are Elizabeth Walsh, Adrienne Davis, Carrie Burns, Russell Osgood, Robert Wild, Darrell Hudson, Deanna Wendler Modde, Nicole Gore, Peggie Smith, Mark Kamimura-Jiménez, Elizabeth Katz, and Angela Smith.

[3] The First Amended Complaint also purported to add another individual Defendant, Cynthia Copeland.

"consortium agreement," a $37,000 scholarship, and supposed communications between some Defendants and the Department of Education. (*Id.*) Fourth, she seeks discovery into whether Defendants acted "under the color of law" in allegedly contacting the D.C. Metropolitan Police Department concerning her suspension (which occurred in Missouri, not the District of Columbia). (*Id.* at 2-3.) Fifth, she seeks discovery into the alleged theft of $30,000 in federal student loans. (*Id.*) These categories all pertain to the core of her dispute with Defendants.

## ARGUMENT

### I.    Plaintiff's Motion Should be Denied Because She Fails to Show How the Proposed Discovery Would Supplement Her Jurisdictional Allegations.

Jurisdictional discovery is appropriate if a party demonstrates that it will be able to supplement its jurisdictional allegations through discovery. *Lewis*, 62 F.4th at 596. Where the defect is personal jurisdiction, the plaintiff "must have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant." *Williams*, 756 F.3d at 786. "A party must offer more than mere conjecture, and a request for jurisdictional discovery is properly denied when it is not directed at the defect in a plaintiff's case for jurisdiction." *Fawzi v. Al Jazeera Media Network*, 273 F. Supp. 3d 182, 188 (D.D.C. 2017) (cleaned up).

Here, Plaintiff does nothing more than label her motion as one seeking "jurisdictional discovery." Nowhere in the Motion does Plaintiff identify a single allegation regarding Defendants' contacts to the District of Columbia that discovery could supplement. What's more, the broad areas of discovery she identifies all go only to the substance of her claims: whether Defendants interfered with her grades and employment prospects (ECF No. 12, at 1-2), whether they breached a scholarship agreement or "consortium agreement" (*id.* at 2), whether they misappropriated her student loans or scholarship funds (*id.* at 2-3), and whether they acted "under

the color of law" in allegedly contacting police (*id.* at 3). These are merits questions. Discovery aimed at these allegations is, simply put, not jurisdictional discovery.

The D.C. Circuit rejected this kind of fishing expedition in *Williams.* There, the plaintiffs' requests "did not relate to any specific connections between [the defendant] and the District of Columbia and were instead requests for 'general and far-reaching discovery regarding [the defendant's] business activities as a whole." 756 F.3d at 786. The Court of Appeals held that "[s]uch broad-ranging questions lack specificity to the District," and refused "to permit an unwarranted fishing expedition about the general way [the defendant] conducts its business." *Id.*

Plaintiff's requests are even broader: they are not about Defendants' forum contacts at all, but instead about Defendants' alleged wrongs against her. To be sure, Plaintiff sprinkles the phrase "jurisdictional discovery" throughout her Motion. But she makes no effort to show how the proposed discovery relates to the jurisdictional allegations in her Amended Complaint. Because Plaintiff has not identified how the proposed discovery could cure any jurisdictional defect, her motion should be denied. *See Lewis*, 62 F.4th at 596; *Fawzi*, 273 F. Supp. 3d at 188 (denying motion because plaintiff had "not pointed to any particular facts that, if discovered," would establish personal jurisdiction in the District of Columbia).

II.     **Plaintiff's Motion Should be Denied Because the Requested Discovery Fails to Satisfy This District's "Reasonableness" Test.**[4]

Plaintiff's Motion also fails as a motion for early merits discovery under Rule 26(d)(1). (*See* ECF No. 12, at 1.) "In general, 'a party may not seek discovery' before a Rule 26(f)

---

[4] Plaintiff's Motion fails for yet another reason: she failed to comply with Local Rule 7(m). Plaintiff made no attempt to contact Defendants' counsel prior to filing the Motion, and she did not and could not include in her motion a statement that the required discussion occurred. Plaintiff's failure to comply with Rule 7(m) is itself sufficient grounds for denial of the Motion. *See Oceans v. United States Dep't of the Interior*, 2024 WL 1885543, at *1 (D.D.C. Apr. 30, 2024) ("However, plaintiffs' motion fails for a simple reason: plaintiffs did not bother to meet and confer with their opponents before filing this nondispositive motion, as required by Local Civil Rule

conference." *New Mexico v. Musk*, 770 F. Supp. 3d 192, 197 (D.D.C. 2025).  Moreover, "[c]ourts should deny motions for expedited discovery when it is 'clear that . . . the complaint would be dismissed on other grounds.'"  *Attkisson*, 113 F. Supp. 3d at 161.  While Rule 26 grants courts discretion to order expedited discovery in appropriate circumstances, courts in this District generally do so only if the plaintiff can satisfy the "reasonableness," or good-cause, test.  *See id.* at 162.  That test weighs "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made."  *Id.*

Plaintiff's Motion fails every factor.  First, there is no pending preliminary injunction, so there is no unique urgency to conduct discovery so soon in litigation.  *See Guttenberg v. Emery*, 26 F. Supp. 3d 88, 98-99 (D.D.C. 2014); *cf. Musk*, 770 F. Supp. 3d at 198-99 (noting that the expected filing of a preliminary injunction motion weighed in plaintiffs' favor of early discovery). The second factor, which turns on the breadth of the requested discovery, also favors denial.  When requests are not "narrowly tailored" to urgent needs, such as a pending preliminary injunction, as opposed to the case as a whole, courts will deny requests for expedited discovery.  *See Guttenberg*, 26 F. Supp. 3d at 98 (denying motion for expedited discovery where requested discovery "went to the heart of this case" as well as "to prove the extent of damages, if any, to which plaintiffs would be entitled").  Here, Plaintiff has not identified her requested discovery with any degree of specificity, instead identifying broad categories of documents that she alleges support the merits of her allegations and claimed damages.  Accordingly, this factor weighs against Plaintiff's

---

7(m)."); *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006) ("If a party files a nondispositive motion without certifying its compliance with Rule 7(m), the motion will be denied.").

request.  *See Attkisson*, 113 F. Supp. 3d at 164 (denying motion for expedited discovery where plaintiffs were "effectively asking to Court to allow them to conduct merits discovery").

Third, the purpose for requested expedited discovery appears to be to fend off Defendants' renewed motion to dismiss—which is not a valid basis for relief under Rule 26(d)(1).   In *Guttenberg*, the plaintiffs failed to seek expedited discovery when they initially filed the lawsuit, holding off on such a request until "three weeks after defendants filed their motion to dismiss." 26 F. Supp. 3d at 98-99.  Though they claimed urgency because the complaint sought preliminary injunctive relief, their actions suggested otherwise:  "It is at least plausible that plaintiffs seek expedited discovery not to bolster the viability of their preliminary injunction motion but instead to fend off a renewed motion to dismiss." *Id.* at 99.  Here, too, Plaintiff did not seek expedited discovery when she filed suit in April, and also waited until three weeks after Defendants filed their Motion to Dismiss before moving for expedited discovery.  That timing, plus the fact that Plaintiff's proposed discovery goes to the core of the dispute, shows that the Motion's purpose is to help fend off Defendants' renewed motion to dismiss.

The fourth factor weighs against Plaintiff because the breadth of her open-ended requests— spanning potentially years of communications, records, and third-party dealings—would impose a heavy burden on Defendants, most of whom are individuals, who have shown in their forthcoming Motion to Dismiss that they are not subject to jurisdiction in this Court.  Therefore, this factor weighs against Plaintiff's request for expedited discovery.  *See Attkisson*, 113 F. Supp. 3d at 165 (denying motion for expedited discovery where proposed interrogatories and document requests were "overly broad and would require significant time and resources to address").

The fifth factor weighs strongly against Plaintiff. A motion for expedited discovery filed before the defendants have responded to the complaint "comes far in advance of normal discovery"

and "is often disfavored." *Id.* at 165. Indeed, the pendency of a motion to dismiss can be the "most important" factor in a Court's reasonableness analysis under Rule 26(d)(1). *Guttenberg*, 26 F. Supp. 3d at 99. "Requiring defendants (who have raised several arguments as to why plaintiffs' complaint should be dismissed) to expend significant resources in responding to plaintiffs' discovery requests would be unjust—even more so because plaintiffs' discovery requests go to the merits of the dispute." *Id.* at 99. "For example, if the Court were to grant plaintiffs' discovery motion, and then grant defendants' motion to dismiss for failure to state a claim, defendants would have been forced to expend significant resources responding to discovery requests in a case where plaintiffs did not have a viable cause of action." *Id.* Here, too, Defendants have renewed their motion to dismiss the First Amended Complaint, and it would be unjust to force Defendants to respond to burdensome discovery while they simultaneously argue that they are not even subject to this Court's jurisdiction and that Plaintiff's claims fail as a matter of law. "At the very least, reasonableness dictates that the Court consider defendants' motion to dismiss before requiring extensive and expensive discovery." *Id.*

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Jurisdictional Discovery in its entirety.

7

Respectfully submitted,

**LEWIS RICE LLC**

Dated: July 27, 2026          By:     /s/ Winthrop B. Reed III
                                             Winthrop B. Reed III, *admitted pro hac vice*
                                             (Mo. Bar #42840)
                                             Benjamin M. Farley, *admitted pro hac vice*
                                             (Mo. Bar #69073)
                                             Lindsey M. Bruno, *pro hac vice forthcoming*
                                             (Mo. Bar #73055)
                                             600 Washington Avenue, Suite 2500
                                             St. Louis, Missouri 63101
                                             Telephone:  (314) 444-7617
                                             Facsimile:  (314) 612-7617
                                             wreed@lewisrice.com
                                             bfarley@lewisrice.com
                                             lbruno@lewisrice.com

                                             Sona Rewari (D.C. Bar No. 1047102)
                                             **HUNTON ANDREWS KURTH LLP**
                                             2200 Pennsylvania Avenue, NW
                                             Washington, DC 20037
                                             Telephone: (202) 955-1974
                                             Facsimile: (703) 918-4018
                                             srewari@hunton.com

                                             *Attorneys for Defendants*

8