**IN THE DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ALLISON BROWN**, | ) | |
| PLAINTIFF, | ) | |
| v. | ) | Case No. 26-cv-1143 CRC |
| | ) | |
| **THE WASHINGTON UNIVERSITY** | ) | |
| Et al., | ) | |
| DEFENDANTS. | ) | |
| | ) | |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY**

Plaintiff respectfully requests for the court to grant jurisdictional discovery regarding Defendants' actions in Washington D.C. that caused and continue to cause harm to Plaintiff. Plaintiff filed the motion for jurisdictional discovery on June 29th, 2026, as a response to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim in ECF 6 filed on June 8th, 2026, and ECF 19 filed on July 27th, 2026. This Court maintains that if Plaintiff files no response by August 17, 2026, the Court may deem this issue as conceded. Accordingly, Plaintiff moves for this Court to grant her motion for jurisdictional discovery.

"Section 13–334(a) [serves] as the basis for personal jurisdiction against a foreign corporation as Defendant has been served through their agent within the District of Columbia." *Rossmann v. Chase Home Fin., LLC,* No. 10–cv–0977, 2011 WL 1088014, at *2 (D.D.C. Mar. 25, 2011). Plaintiff has served Defendants' registered agent, Ian Dubin, with process via ECF on June 29th, 2026. (Exhibit A) Thus, Defendants should be subject to personal jurisdiction

1

pursuant to Section 13–334(a). Nevertheless, Defendants have objected to Plaintiff's claim of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Accordingly, Plaintiff respectfully requests jurisdictional discovery if the Court is unable to find personal jurisdiction over *all* Defendants under: 1) Section 13–334(a) and/or 2) the D.C. Long Arm Statute § 13–423 by establishing personal jurisdiction over *all* Defendants and/or 3) the conspiracy theory of long arm jurisdiction under the District of Columbia's long arm statute.

Contrary to Defendants' offering that this motion for jurisdictional discovery is premature, the "appropriate time to request jurisdictional discovery is in opposition to the defendant's motion—whether a plaintiff files a separate motion for jurisdictional discovery or puts the Court on notice by requesting jurisdictional discovery in a detailed manner in the opposition to the motion to dismiss." *Cranford v. U.S. DOI*, 2026 U.S. Dist. LEXIS 98008 (2026) Thus, Plaintiff respectfully requests that the Court grant this timely motion for jurisdictional discovery.

"A plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of the trial court by withholding information on its contacts with the forum." *Rundquist v. Vapiano SE*, 798 F.Supp.2d 102 (D. D.C. 2011) Further, "in order to be entitled to jurisdictional discovery, a plaintiff must have at least a good faith belief that such discovery will enable it to show that the court has personal jurisdiction over the defendant." *Eric T. v. National Med. Enters.*, 700 A.2d 749 (1997).

Plaintiff hereby informs the Court that she possesses a good faith belief that jurisdictional discovery will enable her to show that the court has personal jurisdiction over *all* Defendants. Additionally, Defendants, shortly after Plaintiff commenced this action, revoked Plaintiff's access to her e-mail account (allison.brown@wustl.edu) wherein lie letters, contracts, and other

2

material correspondence regarding Defendants' intentional contact with the District of Columbia regarding: 1) Plaintiff's character and presence to Washington D.C. based employers and institutions, including but not limited to the Street Law Fellowship at Georgetown University Law Center (hereafter, "GULC") and the D.C. Office of Human Rights 2) Plaintiff's complaints of race and/sex discrimination and retaliation at Defendant WashU, who maintains a registration with the District of Columbia's Department of Licensing and Consumer Protection to provide educational services in the District to students including Plaintiff, and maintains a campus in the District of Columbia, 3) Plaintiff's employment contracts to be performed and completed in the District of Columbia, 4) Plaintiff's *only* unilateral attempt to transfer to GULC at the end of her first year, in or around June 2022 and 5) Defendant WashU, Defendant Wild, Defendant Gore, Defendant Wendler-Modde, Defendant Hudson, Defendant Davis, Defendant Osgood, Defendant Walsh, Defendant Peggy Smith, and Defendant Angela Smith's forceful transfer of Plaintiff to GULC in or around August 2022 through June 2024.

Plaintiff's now-inaccessible email account contains several different e-mail chains and correspondence regarding Defendants' continuous presence in the District of Columbia. Further, Plaintiff's now-inaccessible e-mail account also contains several different e-mail chains and correspondence from Defendant WashU, Defendant Osgood, Defendant Burns, Defendant Copeland, Defendant Davis, Defendant Wild, Defendant Walsh, Defendant Wendler-Modde, Defendant Peggy Smith, Defendant Hudson, Defendant Elizabeth Katz, Defendant Kamimura-Jimenez, Defendant Angela Smith and Defendant Gore which detail: 1) the aforementioned enduring racist and sexist campaign and conspiracy against Plaintiff and retaliation regarding the same from January 2021 to the present, 2) Defendants WashU, Walsh, and Osgood's failure to transmit a timely letter of good standing to GULC in support of

Plaintiff's application to transfer in or around June through August 2022, 3) aforementioned Defendants interference in Plaintiff's clerkships and job opportunities in Washington D.C. from June of 2022 to the present day and 4) how the aforementioned Defendants conspired, directed, required and forced Plaintiff to complete law degree at GULC in Washington D.C. from August 2022 to June 2024. Because Defendants unilaterally revoked Plaintiff's access to her e-mail account, Plaintiff relies on this Court to grant jurisdictional discovery to recover her e-mail account, along with key facts, letters, contracts, and correspondence that are material to her claims of personal jurisdiction over *all* Defendants detailed in the Amended Complaint, ECF 11.

The decision whether to grant jurisdictional discovery is within the sound discretion of the District court. *In re Papst Licensing GMBH & Co. KG Litig.*, 590 F.Supp.2d 94, 101 (D.D.C. 2008) Viewing the allegations in the Amended Complaint together, it should be sufficient to permit Plaintiff to conduct limited discovery to confirm jurisdiction over Defendants. See *Wilson v. Wilson*, 785 A.2d 647 (D.C. 2001) (citing D.C. Code § 13-423(a)(1) which allows jurisdiction in the District over a person "as to a claim for relief arising from the person's ... transacting any business in the District of Columbia.")

In addition, in accordance with the spirit of Rule 7(m) of the Rules of District Court for the District of Columbia, Plaintiff contacted Defendants' counsel in good faith on Tuesday, July 28th, 2026, asking for a time to "Meet and Confer" in an effort to narrow the discovery that Plaintiff seeks through an Order of this Court regarding Defendants' actions and presence in Washington D.C. (Exhibit C) As of August 2, 2026, Defendants have refused to meet with Plaintiff regarding Plaintiff's jurisdictional discovery requests. (Exhibit C)

Thus, Plaintiffs seeks jurisdictional discovery to recover any and all documents and recordings related to Defendants' presence and actions in Washington D.C. and during Plaintiff's third year of law school in Washington D.C. as follows:

1. Any and all documents, recordings, and related to Defendants' disabling Plaintiff's Access to her email account at allison.brown@wustl.edu. Plaintiff's email account has material information including contracts, letters, and correspondence related to Defendants' Washington D.C. contacts, presence, and purposeful availment in Washington D.C. from January 2022 to the present. (ECF 11, ¶¶ 81, 84, 183, 184, 324, 325, 353, 395, 436, 460, 461, 473, 474, 475, 476, 477, 478, 479)

2. Any and all documents and recordings related to Plaintiff's application to transfer to GULC at the end of her first year from January 2022 to the present, including but not limited to documents and recordings related to Defendants' failure to provide a timely letter of good standing to Georgetown University Law Center ("GULC") in support of Plaintiff's application to transfer to GULC at the end of her first year. (ECF 11, ¶ 80, 182, 183, 184, 185, 186, 187, 188, 189, 190)

3. Any and all documents and recordings related to Defendants WashU, Osgood, Burns, Wendler-Modde, Gore, Hudson and Walsh's "consortium agreement," and Plaintiff's $37,000 scholarship, and alleged - but not confirmed -  payment to GULC on Plaintiff's behalf or upon agreements of which Plaintiff was the sole beneficiary in Washington D.C. from July 2023 to present. (<u>Exhibit B</u>) (Exhibit O of ECF 11) (ECF 11, ¶¶ 4, 29, 43, 46, 51, 56, 57, 58, 59, 66, 71, 72, 80, 84, 144, 251, 254, 255, 256, 266, 290, 299, 325, 326, 329, 330 (Spoliation Letter Request), 334, 335, 336, 337, 338, 339, 340, 341, 342, 353, 390, 445, 449, 460, 461, 470, 496)

4. Any and all communications between Defendant WashU, Defendant Gore, Defendant Wendler-Modde, Defendant Walsh, Defendant Wild, Defendant Davis, GULC and/or the U.S. Department of Education in or relating to Washington D.C. with regards to Plaintiff's application to GULC from January 2022 to the present. (ECF 11, ¶¶ 3, 4, 6, 7, 8, 9, 10, 21, 22, 23, 24, 25, 71, 72, 80, 84, 144, 251, 254, 255, 256, 266, 290, 299, 325, 326, 329, 330 (Spoliation Letter Request), 334, 335, 336, 337, 338, 339, 340, 341, 428)

5. Any and all correspondence, documents and recordings regarding Defendants WashU, Osgood, Wild, Wendler-Modde, Gore, Walsh, Davis, Peggie Smith, Angela Smith, Katz, Kamimura-Jimenez, and Hudson's forceful transfer of Plaintiff to GULC at the end of her second year from January 2022 to the present. (ECF 11, ¶¶ 27, 28, 29, 31,  44, 45, 46, 47, 49, 51)

6. Any and all documents, correspondence and recordings related to Defendant WashU et al.'s presence in Washington D.C., knowledge/records of, and/or interference with Plaintiff's employment and internships in Washington D.C. during her second semester of her second year of law school and third year of law school in Washington D.C. from January 2022 to the present. (Exhibit B) (Exhibit O of ECF 11) (ECF 11, ¶¶ 4, 59, 80, 84, 336, 337, 338, 339, 340, 341, 342, 353, 445, 460, 461, 470, 496)

7. Any and all documents, correspondence and recordings related to communications between the Department of Education, Defendant WashU, Defendant Walsh, Defendant Osgood, Defendant Wild, and Defendant Burns in Washington D.C., any and all correspondence with GULC, and/or aforementioned Defendants' correspondence with Plaintiff in Washington D.C. regarding Defendant WashU failure to pay tuition at GULC and Plaintiff's inability to register for GULC classes from January 2022 to the present,

including but not limited to Plaintiff's responsibility for payment of GULC tuition directly. (ECF 11, ¶¶ 34, 43, 76, 99, 100, 101, 102, 103, 104, 105, 106, 191, 192, 239, 253, 254, 255, 256, 316, 321, 322, 323, 325, 327, 328, 329, 395, 396, 445, 467, 473, 475, 479, 481, 483, 482, 483)

8.  Any and all documents, letters, correspondence, and recordings regarding Defendants WashU, Walsh, Osgood, Wild, and Burns acts in Washington D.C. regarding their revocation of Plaintiff's scholarship for Plaintiff's third year in Washington D.C., and Defendants' collection proceedings against Plaintiff for tuition and expenses related to her third year of law school in Washington D.C. from January 2023 to the present. (ECF 11, ¶¶ 20, 21, 25, 34, 43, 76, 99, 100, 101, 102, 103, 104, 105, 106, 191, 192, 239, 253, 254, 255, 256, 316, 321, 322, 323, 325, 327, 328, 329, 395, 396, 445, 467, 473, 475, 479, 481, 483, 482, 483, 521, 526, 527)

9.  Any and all documents, correspondence, and recordings related to the Defendants' presence in Washington D.C. regarding the consortium agreement (written by Defendant WashU, Defendant Gore, Defendant Wendler-Modde, and Defendant Hudson) and regarding Plaintiff's attendance at GULC as a Visiting Student from WashU during her third year of law school from January 2022 to the present. (ECF 11, ¶¶ 4, 34, 43, 76, 99, 100, 101, 102, 103, 104, 105, 106, 191, 192, 239, 253, 254, 255, 256, 316, 321, 322, 323, 325, 327, 328, 329, 395, 396, 445, 467, 473, 475, 479, 481, 483, 482, 483)

10. Any and all documents, correspondence and recordings regarding Defendants WashU, Walsh, Osgood, Wild, and/or Burns and/or any other Defendants and/or relevant parties that are not yet known to Plaintiff that received or sent communications to the GULC Street Law Fellowship in Washington D.C. in relation to Plaintiffs application for the

same from January 2024 to the present. (ECF 11, ¶¶ 34, 59, 80, 84, 336, 337, 338, 339, 340, 341, 342, 353, 445, 460, 461, 470, 496)

11. Any and all documents, correspondence, and recordings related to Defendants' presence in Washington D.C. and (including but not limited to Defendants' WashU, Walsh, Davis, and Osgood) Defendants' interference with Plaintiff's contracts, clerkships, and employment opportunities in Washington D.C. from January 2021 to the present. (ECF 11, ¶¶ 34, 59, 80, 84, 336, 337, 338, 339, 340, 341, 342, 353, 445, 460, 461, 470, 496)

12. Any and all documents, correspondence and recordings relating to the Plaintiff's application and employment with the D.C. Office of Human Rights, including but not limited to Defendants' (including but not limited to, Defendants WashU, Walsh and Osgood) transmission of racist and/or sexist and/or harmful and untrue statements in Washington D.C. regarding Plaintiff's professionalism, "aggressiveness", "ghetto-nature" and fitness to practice law from January 2023 to the present. (ECF 11, ¶¶ 34, 59, 80, 84, 336, 337, 338, 339, 340, 341, 342, 353, 445, 460, 461, 470, 496)

13. Any and all documents, correspondence and recordings regarding Plaintiff's application for admission to the Bar of the District of Columbia, including but not limited to Defendants' transmission of harmful and untrue statements regarding Plaintiff's professionalism, aggressiveness, ghetto nature and fitness to practice law from January 2024 to the present.  (ECF 11, ¶¶ 24, 25, 34, 35, 59, 80, 84, 253, 336, 337, 338, 339, 340, 341, 342, 353, 445, 460, 461, 470, 496, 511)

14. Any and all documents, correspondence and recordings of Defendants relating to Plaintiff's internship with the District of Columbia Office of Human Rights from January 2022 to the present. (ECF 11, ¶¶ 24, 25, 80, 311, 344, 345, 347, 478, 479, 480, 481, 511)

15. Any and all documents, correspondence and recordings related to communications with police or law enforcement agencies in Washington D.C. by Defendants, the WashU police force, or any Missouri relating police departments or law enforcement agencies regarding Plaintiff from January 2021 to the present. (ECF 11, Exhibit C) (ECF 11, Exhibit P) (ECF 11, ¶¶ 7, 45, 153, 237, 238, 243, 445, 526, 527, 528)

16. Any and all documents, correspondence and recordings relating to the identity of persons involved in any of the aforementioned actions irrespective of whether they are presently listed as Defendants in the lawsuit before this Court from January 2021 to the present. (ECF 11, Exhibits A through Q) (ECF 11, ¶¶ 1-543)

17. Plaintiff's access to her email account, allison.brown@wustl.edu, should be restored.

This is not, as Defendants argue, a fishing expedition.

Plaintiff is also seeking the identity of all persons involved in the aforementioned acts against Plaintiff in Washington D.C. with ties to Defendants. It is impossible for Plaintiff to recall or fully know the breadth of Defendants that should be included in this action if she is forbidden from recovering Defendants' correspondence documents, correspondence and recordings regarding the same and Defendants' presence in the District of Columbia. And if such persons also committed legally actionable offenses against Plaintiff, Plaintiff would like to amend her Complaint to add these defendants. *Malibu Media LLC v. Doe*, 45 F. Supp. 3d 106 (D.C. Dist. 2014) ("a plaintiff who seeks to . . . learn the identity of putative defendants is in essence seeking jurisdictional discovery.")  See *Exquisite Multimedia Inc. v. Does* 1-336, No. 11-1976, 2012 U.S. Dist. LEXIS 6969, 2012 WL177885, at 1* (D.D.C Jan. 19, 2012).

Plaintiff's recent addition of Defendant Cynthia Copeland to this action is indicative of Plaintiff's need for jurisdictional discovery. (ECF 11) Again, because Defendants have disabled Plaintiff's WashU e-mail despite Plaintiff graduating in good-standing from Defendant WashU, Plaintiff can no longer access several documents that would assert her claims regarding personal jurisdiction in Washington D.C. over *all* Defendants. Thus, Plaintiff also respectfully requests that this court order Defendants to reinstate Plaintiff's access to Plaintiff's email account and all relevant e-mails from January 2021 to the present so that Plaintiff will be able to learn the identity of additional putative defendants.

Lastly, Defendant WashU, as a general practice (like most top universities like Georgetown University and University of Michigan) keeps alumni e-mail accounts open. Yet, Defendants have disabled Plaintiff's WashULaw email account in retaliation for filing this complaint and initiating this action, a continuation of their pattern of race and/or sex discrimination and retaliation since Plaintiff's matriculation.

## II.  Case Law Supports Granting Jurisdictional Discovery

In cases "where issues arise as to jurisdiction. . . discovery is available to ascertain the facts bearing on such issues." *Cranford v. U.S. DOI* 2026 U.S. Dist. Lexis 98008 citing *Oppenheimer Fund Inc.v. Sanders*, 437 U.S. 340, 351, n. 13, 98 S. Ct. 2380. Further, "if a party demonstrates that it can supplement its jurisdictional allegations through discovery, then jurisdictional discovery is justified." *GTE New Media Services. Inc. v. Bell South Corp*;, 199 F.3d 1343,1351, 339 U.S.  App. D.C. 332 (D.C. Cir. 2000) cited in *Cranford and Huynh v. Air Can.*, 2025 U.S. Dist. LEXIS 28558.

Plaintiff in the above list (on pages 5 through 9 of this document) and in her Amended Complaint, ECF 11, has given specific parameters of the discoverable information that would lead to this court granting jurisdictional discovery against all Defendants. The D.C. Circuit "allow[s] jurisdictional discovery and factfinding if allegations indicate its likely utility." *Nat. Res. Def. Council v. Pena*, 147 F.3d 1012, 1024, 331 U.S. App. D.C. 198 (D.C. Cir. 1998). Furthermore, when requesting jurisdictional discovery, "a plaintiff must [*6] make a 'detailed showing' of what discovery it wishes to conduct or what results it thinks such discovery would produce." *Atlantigas Corp. v. Nisource*, Inc., 290 F. Supp. 2d 34, 53 (D.D.C. 2003) (quoting *United States v. Philip Morris Inc.*, 116 F. Supp. 2d 116, 130 (D.D.C. 2000)). Plaintiff has provided a detailed showing in providing approximate dates, specific parties, the relevant alleged acts, and/or correspondence that should be recovered if this Court is to grant jurisdictional discovery.

Lastly, Plaintiff has a good faith belief that the requested jurisdictional discovery could supplement its jurisdictional allegations. See *Lewis v. Mutond*, 62 F.4th 587, 596, 460 U.S. App. D.C. 246 (D.C. Cir. 2023)  ("A plaintiff need only have a good faith belief that reasonable jurisdictional discovery could supplement [its] jurisdictional allegations.") Thus, plaintiff respectfully requests the Court grant her motion for jurisdictional discovery to support her claim that Defendants are subject to personal jurisdiction in Washington D.C.

Respectfully submitted,

Allison Brown, Esq.

DC Bar #: 90045586

Exhibit A



Plaintiff served Defendants' registered agent with the Amended Complaint on June 29th, 2026.

Exhibit B

**Consortium Agreement between Washington University and**

Georgetown Law _____, **the Host School**

In the matter of financial aid for: Allison Brown _____ SSN_____

This student is a degree candidate in the School of Law at Washington University and has permission to attend the Host School named above for the Fall 2023 Spring 2024 _____ semester(s) as a visiting student. Washington University will register this individual under visiting student status, will assign credit for the courses taken at the Host School on the same basis as it would for course work taken at Washington University and will provide enrollment verification based upon said course work as approved by the School of Law.

With regard to financial aid, the institutional representatives signing below hereby agree to the following:

Washington University will determine financial aid eligibility and disburse all sources of financial aid for this student during this period of enrollment, according to institutional policy.

The Host School will award no financial assistance to this student but will provide Washington University with the following information.

Beginning and ending dates of each semester the student is to be enrolled at the Host School:

Fall 23 _____ semester, classes begin on 8/28/23 _____ and end on 12/15/23 _____
Spring 24 _____ semester, classes begin on 1/8/24 _____ and end on 5/14/24 _____

Cost of attendance for the total period of enrollment, as indicated above.

Tuition and fees            $ 75,950 _____
Room and board             $ 24,220 _____
Books and supplies         $ 1,400 _____
Other Personal & Travel    $ 6,630 (Total $108,200 + actual loan fees. 50% each semester)

Requested payment dates for direct charges:

Fall 23 _____ semester, payment requested by 8/28/23 _____
Spring 24 _____ semester, payment requested by 1/8/24 _____

Address where tuition payment should be sent:
Georgetown Law Financial Aid // 600 New Jersey Ave NW Room 335 // Washington, DC 20001

Confirmation of enrollment upon request and immediate notification of any change in enrollment status. Washington University will reimburse the Host School for the educational services it provides to the student (i.e., tuition and fees); Washington University will disburse to the student financial aid available for living expenses.

On behalf of Washington University: Name _CARMG BURNS_ Date 8/15/23 Title: DIRECTOR OF FIN AID

On behalf of the Host School: Name Russell Augustine _____ Date 8/11/23  Title: Financial Aid Counselor

13

Exhibit C



As of August 2nd, 2026, Defendants refuse to meet with Plaintiff regarding narrowing Plaintiff's request for jurisdictional discovery.