**IN THE DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ALLISON BROWN**, | ) | |
| PLAINTIFF, | ) | |
| v. | ) | Case No. 26-cv-1143 CRC |
| | ) | |
| **THE WASHINGTON UNIVERSITY** | ) | |
| Et al., | ) | |
| DEFENDANTS. | ) | |
| | ) | |

**ORDER GRANTING JURISDICTIONAL DISCOVERY**

This Court grants Plaintiff jurisdictional discovery to recover any and all documents and recordings related to Defendants' actions relating to Plaintiff in Washington D.C. and relating to Plaintiff's third year of law school in Washington D.C., including but not limited to the following:

1. Any and all documents, recordings, and related to Defendants' disabling Plaintiff's Access to her email account at allison.brown@wustl.edu. Plaintiff's email account has material information including contracts, letters, and correspondence related to Defendants' Washington D.C. contacts, presence, and purposeful availment in Washington D.C. from January 2022 to the present.

2. Any and all documents and recordings related to Plaintiff's application to transfer to GULC at the end of her first year from January 2022 to the present, including but not limited to documents and recordings related to Defendants' failure to provide a timely letter of good standing to Georgetown University Law Center ("GULC") in support of Plaintiff's application to transfer to GULC at the end of her first year.

3. Any and all documents, correspondence, recordings, and communications related to Defendants WashU, Osgood, Burns, Wendler-Modde, Gore, Hudson and Walsh's presence in Washington D.C., related "consortium agreement" and Plaintiff's $37,000 scholarship, and alleged – but not confirmed - payment to GULC on Plaintiff's behalf or upon agreements of which Plaintiff was the beneficiary in Washington D.C. from July 2023 to present.

4. Any and all communications between Defendant WashU, Defendant Gore, Defendant Wendler-Modde, Defendant Walsh, Defendant Wild, Defendant Davis, GULC and/or the U.S. Department of Education in or relating to Washington D.C. with regards to Plaintiff's application to GULC from January 2022 to the present.

5. Any and all documents, correspondence and recordings regarding Defendants WashU, Osgood, Wild, Wendler-Modde, Gore, Walsh, Davis, Peggie Smith, Angela Smith, Katz, and Hudson's forceful transfer of Plaintiff to GULC at the end of her second year from January 2022 to the present.

6. Any and all documents, correspondence and recordings related to Defendant WashU et al.'s presence in Washington D.C., knowledge/records of, and/or interference with Plaintiff's employment and internships in Washington D.C. during her second semester of

her second year of law school and third year of law school in Washington D.C. from January 2022 to the present.

7. Any and all documents, correspondence and recordings related to communications between the Department of Education, Defendant WashU, Defendants Walsh, Osgood, Wild, and Burns in Washington D.C., any and all correspondence with GULC, and/or aforementioned Defendants' correspondence with Plaintiff in Washington D.C. regarding Defendant WashU failure to pay tuition at GULC and Plaintiff's inability to register for GULC classes from January 2022 to the present, including but not limited to Plaintiff's responsibility for payment of GULC tuition directly.

8. Any and all documents, letters, correspondence, and recordings regarding Defendants WashU, Walsh, Osgood, Wild, and Burns acts in Washington D.C. regarding their revocation of Plaintiff's scholarship for Plaintiff's third year in Washington D.C., and Defendants' collection proceedings against Plaintiff for tuition and expenses related to her third year of law school in Washington D.C. from January 2023 to the present.

9. Any and all documents, correspondence, and recordings related to the Defendants' presence in Washington D.C. regarding the consortium agreement (written by Defendant WashU, Defendant Gore, Defendant Wendler-Modde, and Defendant Hudson) and regarding Plaintiff's attendance at GULC as a Visiting Student from WashU during her third year of law school from January 2022 to the present.

10. Any and all documents, correspondence, and recordings regarding Defendants WashU, Walsh, Osgood, Wild, and/or Burns and/or any other Defendants and/or relevant parties that are not yet known to Plaintiff that received or sent communications to GULC and/or

the GULC Street Law Fellowship in Washington D.C. in relation to Plaintiff's application for the same from January 2024 to the present.

11. Any and all documents, correspondence, and recordings related to Defendants' presence in Washington D.C. and (including but not limited to Defendants WashU, Walsh, Davis, and Osgood) Defendants' interference with Plaintiff's contracts, clerkships, and employment opportunities in Washington D.C. from January 2021 to the present.

12. Any and all documents, correspondence, and recordings relating to the Plaintiff's application and employment with the D.C. Office of Human Rights, (including but not limited to Defendants' WashU, Walsh and Osgood) transmission of harmful and untrue statements regarding Plaintiff's professionalism, "aggressiveness", "ghetto-nature" and fitness to practice law from January 2023 to the present.

13. Any and all documents, correspondence, and recordings regarding Plaintiff's application for admission to the Bar of the District of Columbia, including but not limited to Defendants' transmission of harmful and untrue statements regarding Plaintiff's professionalism, aggressiveness, ghetto nature and fitness to practice law from January 2024 to the present.

14. Any and all documents, e-mails, and recordings relating to Plaintiff's internship with the District of Columbia Office of Human Rights from January 2022 to the present.

15. Any and all documents and recordings related to communications with police or law enforcement agencies in Washington D.C. by Defendants, the WashU police force, or any Missouri related police departments or law enforcement agencies regarding Plaintiff from January 2021 to the present.

16. Any and all documents and recordings relating to the identity of persons involved in any of the aforementioned actions irrespective of whether they are presently listed as Defendants in the lawsuit before this Court from January 2021 to the present.

17. This Court also orders that Plaintiff's access to her email account, allison.brown@wustl.edu, be restored.

SO ORDERED, this [date.]

______________________________

Judge Christopher Cooper